**UNITED STATES DISTRICT COURT FOR THE
SOTHERN DISTRICT OF FLORIDA**

$-------------------------$X
$-------$

| | | |
|---|---|---|
| PENINSULA PETROLEUM LIMITED, INC, | : | Case No.: 1:22-CV-20712-RKA |
| *Plaintiff(s),* | : | |
| v. | : | |
| CI INTERNATIONAL FUELS, LLC., | : | |
| *Defendant(s).* | : | |

$-------------------------$X
$-------$

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S VERIFIED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF CONTENTS     i

TABLE OF AUTHORITIES     ii

PRELIMINARY STATEMENT     1

BACKGROUND     1

FIRST ARGUMENT     4

I. THE AGREEMENT WAS NOT A     5
PRODUCT OF FRAUD OR
OVERRARCHING

II. ARBITRATION AND COLOMBIAN     5
COURTS ARE FAIR AND
CONVENIENT FORUMS

III. THE LAW OF ENGALND AND     5
COLOMBIA IS FAIR AND AFFORDS
PLAINTIFF ADEQUATE REMEDY

IV. APPLICATION OF THE FORUM     5
SELECTION CLAUSE COMPORTS
TO PUBLIC POLICY

SECOND ARGUMENT     6

I. AN ADEQUATE ALTERNATE     7
FORUM IS AVAILABLE

II. PRIVATE INTEREST FACTORS                          7

WEIGH IN FAVOR OF DISMISSAL

III. PUBLIC INTEREST FACTORS                          8

WEIGH IN FAVOR OF DISMISSAL

IV. PLAINTIFF CAN REINSTATE HIS                       9

CLAIM IN ALTERNATIVE FORUM

CONCLUSION                                            11

## TABLE OF AUTHORITIES

**Cases**

*Ford v. Brown*, 319 F.3d 1302, 1306–07 (11th Cir. 2003) .......... 6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1946) .......... 8

*Holmes v. Westport Shipyards, Inc.*, 2004 WL 3019363, at *3 (S.D. Fla. Aug. 10, 2004)) .......... 5

*La Seguridad v. Transytur*, 707 F.2d 1304 (11th Cir. 1983) .......... 8

*Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001) .......... 7

*Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998) .......... 4, 5

*Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356– 57 (11th Cir. 2008) .......... 6

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) .......... 5, 6

*McLane v. Marriott Int'l, Inc.*, 777 F. Supp. 2d 1302 (S.D. Fla. 2010), rev'd in part sub nom. McLane v. Los Suenos Marriott Ocean & Golf Resort, 476 F. App'x 831 (11th Cir. 2012) .......... 8, 9

*Marco Forwarding Co. v. Continental Cas. Co.,* 430 F. Supp.2d 1289, 1293 (S.D. Fl. 2005) .......... 4, 5

*Miyoung Son v. Kerzner Intern. Resorts, Inc.*, 2008 WL 4186979, at *3 (S.D. Fl. 2008) .......... 4

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)     7, 8

*Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279 (11th Cir. 2001)     7

*Segal v. Amazon, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011)     5

*Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir.2007)     7

**Statutes**

Fed. R. Civ. P. 12(b)(3)     3

**Other Sources**     5

Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3828 (3d ed. 2007)     7

## PRELIMINARY STATEMENT

This Court should dismiss Plaintiff's Verified Complaint filed on March 9, 2022 [ECF No. 1], because the parties agreement requires Plaintiff to litigate its claims in other forums and convenience of parties and court, and interests of justice indicate that this action should be tried in another forum.

In the Verified Complaint, Plaintiff acknowledges that the alleged debt it seeks to collect arises out of a Master Sales and Purchase Agreement, which has an "arbitration" clause pertaining to "any dispute arising out of or in connection with" the agreement. However, contrary to Plaintiff's assertion that "there is no dispute concerning [Plaintiff's] claim for money due from [Defendant], Defendant indeed disputes the validity and existence of the debt. It further contends that Plaintiff has already filed an action in Colombia seeking to recover the same debt alleged in the Verified Complaint. It also contends that this is not a proper forum under the doctrine of forum non conveniens.

Therefore, this Court should dismiss Plaintiff's Verified Complaint so that the "dispute arising out of or in connection with this Master Sale and Purchase Agreement . . . be referred to and finally resolved by arbitration under the LCIA Rules" or in Colombian courts, as agreed by the parties.

## BACKGROUND

Defendant CI International Fuels LLC ("CI International") is an affiliate Company of CI International Fuels SAS ("CI International Colombia"), a business entity formed under the laws of Colombia, engaged in the delivery of fuel to vessels in the port of Santa Marta, Colombia. [Ochoa Decl. ¶ 1].

CI International's only purpose is to make and take payments in the United States as part of a tax and sales/purchase strategy. CI International does not own assets in the United States and has no employees or premises or any sort of operations in the United States. [Ochoa Decl. ¶ 1, 3]. Its sole

manager and authorized representative Mr. Jaime Ochoa resides in Colombia. He does not have legal status or authorization to work in the United States. [Ochoa Decl. ¶ 1, 2].

Plaintiff is a foreign corporation with principal place of business in Ireland and subsidiary office in England. [ECF No. 1].

Defendant CI International purchased vessel fuel from Plaintiff per a Master Sale and Purchase Agreement entered by the parties on October 26, 2020 (the "Master Agreement.") The Master Agreement has a "Governing Law and Arbitration" clause whereby the Master Agreement is governed by English law and any claims and/or disputes shall be resolved and finalized in arbitration. Moreover, the Master Agreement states that, "[a]ll Cargo Contracts shall incorporate and be subject to BP Oil International Limited General Terms & Conditions for Sales and Purchases of Crude Oil and Petroleum Products 2015 Edition3 ("BP 2015 GTCs")," which has a forum selection clause providing that any disputes arising out of the agreement "shall be referred to the Commercial Court of the High Court in London." [ECF No. 1 and 1-2].

On the same date, Defendant CI International and Plaintiff entered into a pledge over assets agreement to secure any debt Defendant CI International acquires under the Master Agreement (the "Pledge Agreement.") In the Pledge Agreement the assets securing Defendant's debt under the Mater Agreement are described as "all present and future cargoes of petroleum products that are from time to time acquired by the Grantor and stored in the Free Trade Zone pursuant to the Master Agreement . . . and all proceeds or assets derived or attributable to them thereof." Moreover, in the Pledge Agreement "Free Trade Zone" is specifically defined as "the Santa Marta Free Zone Area." The Pledge Agreement has an "Applicable Law and Jurisdiction" clause whereby "the [p]arties agree that [the Pledge Agreement] will be governed by the laws of Colombia and submit expressly and irrevocably to the jurisdiction of the competent judges of Colombia." [ECF No. 1 and 1-3].

Also on the same date, CI International Colombia and Plaintiff entered a guarantee agreement (the "Guarantee") whereby Defendant CI International's liability under the "Agreements" is secured with CI International Colombia's assets. Per the Guarantee, "'Agreements' means commodity agreements, commodity price swaps, commodity option transactions including agreements for the sale/purchase of oil, marine fuels or other similar physical or financial commodity transactions made by [Defendant CI International] and the [Plaintiff] (in each case as amended, varied, supplemented and novated from time to time)." The Guarantee has a Governing Law and Jurisdiction clause whereby disputes and/or claims must be brought before an arbitration tribunal in London, England. [Ochoa Decl. ¶ 3].

Defendant CI International does not have any assets, employees, premises, or any other sort of infrastructure or operations conducted in Florida or elsewhere in the United States. It operates solely in Colombia. The assets securing Defendant CI International's liability under the Master Agreement are in Colombia. The petroleum products purchased under the Master Agreement were shipped from Ireland to Santa Marta, Colombia. In turn, the product was sold in Colombia to fuel vessels docked in Santa Marta. [Ochoa Decl. ¶ 1, 3].

On June 17, 2021, Defendant CI International's Colombian affiliate CI International Fuels SAS, was admitted to a reorganization process in Colombia comparable to a chapter 11 process in the United States. Plaintiff is listed as a secured creditor in this process. [Ochoa Decl. ¶ 3].

On or about September 21, 2021, Defendant CI International and its Colombian affiliate entity CI International Colombia received notice from Gomez-Pinzon, Plaintiff's attorneys in Colombia, of an action filed in Colombian court to foreclose on the "assets" as described in the Pledge Agreement and the Guarantee. [Ochoa Decl. ¶ 3].

On or around March 9, 2022, Plaintiff Peninsula Petroleum Limited, Inc ("Peninsula") filed a Verified Complaint against Defendant CI International seeking to collect a debt arising out of the Master Sale and Purchase Agreement and the Pledge Over Assets Agreement [ECF No. 1].

## ARGUMENT

### A.  The Agreement of the Parties Requires Litigation in Other Jurisdictions.

This Court should dismiss Plaintiff's Verified Complaint [ECF No. 1], because the Master Agreement and the Pledge Agreement requires the parties to litigate Plaintiff's claims in arbitration and in Colombian courts, respectively. The Eleventh Circuit has held that a motion to dismiss based on a choice of law or forum contractual provision is "properly brought pursuant to 12(b)(3) of the Federal Rules of Civil Procedure as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998).

Forum selection clauses are "prima facie valid[.]" *Miyoung Son v. Kerzner Intern. Resorts, Inc.*, 2008 WL 4186979, at *3 (S.D. Fl. 2008).

Thus, courts will enforce a forum selection clause "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Son*, 2008 WL 4186979, at *3. The unreasonableness burden is "a heavy one." *Marco Forwarding Co. v. Continental Cas. Co.*, 430 F. Supp.2d 1289, 1293 (S.D. Fl. 2005).

To satisfy this "heavy" burden, Plaintiff must show:

[the] formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy.

*Holmes v. Westport Shipyards, Inc.*, 2004 WL 3019363, at *3 (S.D. Fla. Aug. 10, 2004) (quoting *Lipcon*, 148 F.3d at 1295–96); *Marco Forwarding Co*, 430 F. Supp. 2d at 1293. Plaintiff cannot meet this burden. Therefore, this Court should dismiss this case.

### I.    The Agreement was not the Product of Fraud or Overarching.

The Agreement was not the product of fraud or overreaching, and Plaintiff has not made

any such allegation.

### II.    Arbitration and Colombian Courts are Fair and Convenient Forums.

Prior to filing the Verified Complaint, Plaintiff filed an action in Colombian court to foreclose on the "assets" as described in the Pledge Agreement and the Guarantee. Moreover, The Master Agreement's and the Pledge Agreement's forum selection clauses were the product of "free," "arms-length" negotiations between two experienced, sophisticated parties. *Bremen*, 407 U.S. at 12 ("The choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts.")

### III.    The Law of England and Colombia Is Fair and Affords Plaintiff an Adequate Remedy.

The Master Agreement has a choice of law clause which indicates English law governs. Likewise, the Pledge Agreement has a choice of law clause which indicates Colombian law governs. If such law were unfair, Plaintiff would have not elected them.

### IV.    Application of the Forum Selection Clause Comports with Public Policy.

Enforcing the forum selection clause in the Agreement comports with federal public policy. Forum selection clauses are prima facie valid. *Segal v. Amazon, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011). The United States Supreme Court, as well as the Eleventh Circuit, has confirmed the federal

public policy favoring the enforcement of valid forum selection clauses. *Bremen*, 407 U.S. at 13-15 ("The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce and contracting.").

Neither fraud, nor statutory policy considerations, is at issue here. *Cf. Bremen*, 407 U.S. at 13 (noting that a forum selection clause "should be given full effect" when "a freely negotiated private international agreement (is) unaffected by fraud").

Plaintiff's claims seek to enforce the terms of the Agreement. Defendant CI International; respectfully requests that the Court, consistent with the United States Supreme Court and Eleventh Circuit precedent, enforce the Agreement and dismiss this case.

**B. Convenience of Parties and Court, and Interests of Justice Indicate that this Action Should be Tried in Another Forum**.

The doctrine of "forum non conveniens" authorizes trial courts to decline to exercise its jurisdiction, even though the court has venue, where it appears that convenience of parties and court, and interests of justice indicate that action should be tried in another forum. *Ford v. Brown*, 319 F.3d 1302, 1306–07 (11th Cir. 2003).

To obtain dismissal on the grounds of forum non conveniens, Defendants must show:

(i) that an adequate alternative forum is available, (ii) that relevant public and private interests weigh in favor of dismissal, and (iii) that the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. Pertinent private interests of the litigants include relative ease of access to evidence in the competing fora, availability of witnesses and compulsory process over them, the cost of obtaining evidence, and the enforceability of a judgment. Relevant public interests include the familiarity of the court(s) with the governing law, the interest of any foreign nation in having the dispute litigated in its own courts, and the value of having local controversies litigated locally.

*Id.* (quoting *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356–57 (11th Cir. 2008) (quotations and citations omitted)).

Both private and public interests should be considered in all cases. See *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Moreover, in evaluating the private and public interests implicated by the venue of the litigation "the district judge must consider the level of deference to accord the plaintiff's choice of forum." Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3828 (3d ed. 2007).

## I.    An Adequate Alternate Forum is Available

The Supreme Court of the United States has held that a Defendant moving for dismissal on the grounds of forum non conveniens can ordinarily establish that an alternate forum exists by simply confirming it is amenable to another jurisdiction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

To be "adequate" is to be capable of providing "some relief for the plaintiffs' claims." See *Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir.2007). This "some relief" does not need to be perfect, it only needs to be more than "no remedy at all." *Satz*, 244 F.3d at 1283 citing *Piper Aircraft*, 454 U.S. at 255 n. 22.

Here, prior to filing the Verified Complaint, Plaintiff filed an action in Colombian court to foreclose on the "assets" as described in the Pledge Agreement and the Guarantee. [Ochoa Decl. ¶ 3]. Also prior to Plaintiff filing the Verified Complaint, Defendant's Colombian affiliate CI International Colombia, was admitted to a reorganization process in Colombia comparable to a chapter 11 process in the United States. Plaintiff is listed as a secured creditor in this process. [Ochoa Decl. ¶ 3]. Moreover, Defendant is amenable to jurisdiction in Colombia, and agrees to toll any statute of limitations that might limit this action being re-filed in Colombia. [Ochoa Decl. ¶ 1-2].

## II.    Private Interest Factors Weigh in Favor of Dismissal

The second part of the test the Eleventh Circuit articulated in *La Seguridad v. Transytur*, 707 F.2d 1304 (11th Cir. 1983) for a forum non conveniens analysis, is whether the relevant factors of private interest favor the alternative forum. In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1946), the U.S. Supreme Court stated that the important considerations were relative ease of access to sources of proof, the ability to obtain witnesses, the possibility of view premises; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S. at 508.

Here, Defendant CI International does not have any assets, employees, premises, or any other sort of infrastructure or operations conducted in Florida or elsewhere in the United States. [Ochoa Decl. ¶ 3]. It operates solely in Colombia. [Ochoa Decl. ¶ 1]. Likewise, Plaintiff's principal place of business is in Ireland, and has subsidiaries in England. [ECF No. 1]. The assets securing Defendant CI International's liability under the Master Agreement are in Colombia. [ECF No. 1-3]. The petroleum products purchased under the Master Agreement were shipped from Ireland to Santa Marta, Colombia. [Ochoa Decl. ¶ 3]. In turn, the product was sold in Colombia to fuel vessels docked in Santa Marta. [Ochoa Decl. ¶ 3].

### III.    Public Interest Factors Weigh in Favor of Dismissal

The Court must also determine whether factors of public interest tip the balance in favor of a trial in (the) foreign forum. *La Seguridad*, 707 F.2d at 1307. This analysis centers on whether the case has a general nexus with the forum sufficient to justify the forum's judicial time and resources. *Piper*, 454 U.S. at 250. In assessing, the public factors, this Court looks to administrative difficulties, local interest, application of foreign law, and unfairness of imposing jury duty on an unrelated forum. See *McLane*, 777 F.Supp.2d at 1321.

This case has no meaningful connection to Miami-Dade County, Florida. All the pertinent contacts for this analysis occurred in Colombia or at least outside of Florida. The Plaintiff's principal

place of business is in Ireland. The oil transaction took place between Ireland and Santa Marta, Colombia.

The application of the alternate forum's law to the case is also a public interest that favors dismissal to the alternate forum. See *McLane*, 777 F.Supp.2d at 1319.

Here, the Master Agreement has a choice of law clause selecting English law as governing law and the Pledge Agreement has a choice of law clause selecting Colombian law as governing law. [ECF No. 1-2 and 1-3].

Last, it would be unfair to impose jury duty on a South Florida jury in this case. In *McLane*, the Court found that "(a) South Florida jury would have a minor interest in a litigation stemming from a boating accident in Costa Rica, in which almost all defendants are Costa Rican entities and Costa Rican law would seemingly govern... Therefore, this Court finds that trial in this forum would create an unfair burden to potential jurors by asking them to apply foreign law." *McLane*, 777 F.Supp.2d at 1321 (citations omitted).

Here, Miami Dade County, Florida has little interest in spending public resources on adjudicating a dispute about vessel fuel shipped from Ireland to Colombia to be sold at the port of Santa Marta, Colombia, between an Irish company with operations in Ireland and England and a Florida non operative affiliate entity of a company that operates solely in Colombia

## IV.    Plaintiff Can Reinstate his Claim in an Alternative Forum

The last element the Defendant must demonstrate to obtain a dismissal for forum non conveniens is that the Plaintiff will not suffer any inconvenience or prejudice. In *McLane*, 777 F.Supp.2d 1302 (S.D. Fla. 2010), this Court held that this is established where a Plaintiff can reinstate their action in the alternative forum. *McLane*, 777 F.Supp.2d at 1321.

In this case, Plaintiffs will not suffer any prejudice or harm from this Court dismissing this action because they will be free to continue prosecuting the asset foreclosure action in Colombia, participate in the reorganization process, or re-file this action in Colombia. [Ochoa Decl. ¶ 2].

## **CONCLUSION**

For the foregoing reasons, Defendant CI International requests that the Court grant Defendant's

Motion to Dismiss Plaintiff's Verified Complaint.

Dated:   May 31, 2022
        Miami, Florida

Respectfully submitted,

By: /s/ Fernando Franco
Fernando Franco, Esq.
Florida Bar No. 120457
Franco Law Firm
268 Alhambra Cir.
Second Floor
Coral Gables, Florida 33134
(786) 724 0900
franco@francolawfirmpa.com
*Attorney for Defendant CI International Fuels LLC*