**UNITED STATES DISTRICT COURT FOR THE
SOTHERN DISTRICT OF FLORIDA**

------------------------------X
-----

| | | |
|---|---|---|
| PENINSULA PETROLEUM LIMITED, INC, | : | Case No.: 1:22-CV-20712-RKA |
| *Plaintiff(s)*, | : | |
| v. | : | |
| CI INTERNATIONAL FUELS, LLC., | : | |
| *Defendant(s)*. | : | |

------------------------------X
-----

**DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

This Court should dismiss Plaintiff's Verified Complaint filed on March 9, 2022 [ECF No. 1], because the parties agreement requires the parties to refer and resolve any dispute in arbitration. This is an action for breach of contract, which requires taking testimony and other evidence to ascertain whether a debt exists and, if so, the amount of the debt. As such, a dispute exists among the parties, and it must be resolved in arbitration.

Moreover, this is not a proper forum under the doctrine of forum non conveniens.

**FACTS**

Defendant CI International Fuels LLC ("CI International") is an affiliate Company of CI International Fuels SAS ("CI International Colombia"), a business entity formed under the laws of Colombia, engaged in the delivery of fuel to vessels in the port of Santa Marta, Colombia. [Declaration of Jaime Ochoa in Support of Defendant's Reply Memorandum ("Ochoa Decl.") ¶ 1]. CI International's only purpose is to make and take payments in the United States as part of a tax and sales/purchase strategy, pursuant to a mandate agreement between CI International and CI International Colombia. [Ochoa Decl. ¶ 2].

Defendant CI International purchased vessel fuel from Plaintiff per a Master Sale and Purchase Agreement entered by the parties on October 26, 2020 (the "Master Agreement."), to be shipped from Ireland and delivered and commercialized at the port of Santa Marta, Colombia. [ECF No. 1-1].

The parties agreed to join forces in the commercialization of the 15,000 MT of oil among vessels fueling in the port of Santa Marta, Colombia. However, Plaintiff did not perform. It made absolutely no efforts to commercialize the product to vessels fueling in the port of Santa Marta, Colombia. Plaintiff is aware of Defendant's contention that Plaintiff failed to perform. [Ochoa Decl. ¶ 2].

Due to COVID-19 quarantine and related economic impact, the price of oil went up but the demand for the product among vessels went down. Aware of the drop in the demand for vessel fuel and the impossibility to sale the product to vessels in the port of Santa Marta, Colombia, Plaintiff demanded from Defendant the payment of price adjustment for the 15,000 MT of oil and simply ignored its promise to make efforts to commercialize the product to vessels in the port of Santa Marta, Colombia. [Ochoa Decl. ¶ 2].

The parties did not reach an agreement concerning the validity, existence, and amount, if any, of the alleged price adjustment debt. [Ochoa Decl. ¶ 2 and Perinan Decl. ¶ 2]

Plaintiff has an adequate forum to entertain a dispute arising out of Plaintiff's claim. [Perinan Decl. ¶ 1-2].

Mr. Jaime Ochoa is not a resident of Florida. From time to time, he visits Florida for tourism. His most recent visit to the United States was over one year ago for only 9 days from April 20, 2021, to April 29, 2021. In 2021 he visited United State twice for an aggregate of approximately one month and two weeks. In 2020 he visited the United States on four (4) occasions for an aggregate of less than one month. Clearly, he does not reside in the U.S. [Ochoa Decl. ¶ 3].

If Plaintiff's action proceeds, Defendant will deny Plaintiff's claims in its Verified Complaint, raise defenses, and counterclaims. [Ochoa Decl. ¶ 3].

## ARGUMENT

**A.  A dispute exists among the parties, and it must be resolved in arbitration.**

A dispute exists among the parties, and it must be resolved in arbitration. A dispute is a conflict or controversy. Black's Law Dictionary (11th ed. 2019). Here, Plaintiff filed a breach of contract action against Defendant seeking damages in the amount of $1,545,293.56 and attachment of Defendant's

assets pursuant to the Master Agreement. [ECF No. 1]. The parties attempted out of court settlement, but such efforts did not result in a settlement agreement. [Perinan Decl. ¶ 2]. If Plaintiff's action is not dismissed, Defendant will defend its position on grounds of Plaintiff's failure to perform and breach of contract, as well as on other grounds. [Ochoa Decl. ¶ 3]. Hence, a dispute arising out of the Master Agreement is at the center of Plaintiff's instant action.

The parties agreed verbatim, "Any dispute arising out of or in connection with this Master Sale and Purchase Agreement and/or any Cargo Recap and/or any Bunker Recap, *including* any question regarding their existence, validity, or termination, shall be referred to and finally resolved by arbitration under the LCIA Riles, which Rules are deemed to be incorporated by reference into this clause." [ECF No. 1-1]. As such, a dispute arising out of the Master Agreement must be resolved in arbitration.

Therefore, this Court should dismiss Plaintiff's Verified Complaint so that the dispute at the center of Plaintiff's instant action is resolved in arbitration as agreed by the parties.

**B.  Defendant met its burden for dismissal on forum non conveniens grounds**

The presumption favoring a Plaintiff's choice of forum is entitled to less deference where the Plaintiff is not a citizen, resident, or corporation of this country. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).

Moreover, the plaintiff's choice of forum merits no weight in the forum non conveniens analysis where a valid, enforceable, mandatory, and applicable forum selection clause exists. Jiangsu Hongyuan Pharm. Co. v. DI Glob. Logistics Inc., 159 F. Supp. 3d 1316 (S.D. Fla. 2016).

An alternative forum is "adequate" in the forum non conveniens analysis if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries. *Id.* at

1329. In this Circuit, an alternative forum is presumed adequate in the forum non conveniens analysis unless the plaintiff makes some showing to the contrary. *Id.* at 1329 – 1330.

An alternative forum is "available" to a plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred. *Id.* at 1332. This requirement will ordinarily be satisfied when the defendant is "amenable to process" in the other jurisdiction. *Id.*

Here, Plaintiff's choice of forum merits no weight; hence, Defendant's burden is not a heavy burden. The record shows Plaintiff is a foreign corporation that has no ties to the U.S. and that a valid, enforceable, mandatory, and applicable forum selection clause exists. [ECF No. 1-1].

Additionally, private, and public interest factors favor dismissal. The record shows Defendant is an affiliate shell company to a foreign corporation that operates in Colombia and has no operations in Florida or the United States. [Ochoa's Decl. ¶ 1]. It has no employees in the U.S. and its members and sole manager Mr. Jaime Ochoa reside in Colombia, and do not reside in Florida. [Ochoa's Decl. ¶ 3]. The parties entered an agreement whereby Plaintiff sold petroleum to Defendant, which was shipped from Ireland to Colombia to be sold to vessels in the port of Santa Marta, Colombia. [ECF No. 1-1]. The oil cargos are stored and sold in the port of Santa Marta, Colombia. [ECF No. 1-1]. The agreement provides any disputes arising out of the agreement shall be resolved in arbitration in London. It also has a governing law clause selecting foreign governing law (law of England). [ECF No. 1-1].

Moreover, an adequate forum is available to Plaintiff where it can reinstate suit without undue prejudice or inconvenience. Defendant is amenable to service in Colombia. [Ochoa's Decl. ¶ 3]. Colombia is presumed an adequate forum. Plaintiff has not introduced any evidence that shows to the contrary. Also, Plaintiff is already included in Defendant's reorganization proceedings in Colombia (comparable to chapter 11 in the U.S.). [Perinan Decl. ¶ 2].

Therefore, Defendant has met its burden to show an adequate alternative forum is available to Plaintiff, private and public interest factors favor dismissal, and Plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant CI International requests that the Court grant Defendant's Motion to Dismiss Plaintiff's Verified Complaint.

Dated: June 21, 2022
       Miami, Florida

Respectfully submitted,

By: /s/ Fernando Franco
Fernando Franco, Esq.
Florida Bar No. 120457
Franco Law Firm
268 Alhambra Cir.
Second Floor
Coral Gables, Florida 33134
(786) 724 0900
franco@francolawfirmpa.com
*Attorney for Defendant CI International Fuels LLC*