UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-20712-ALTMAN/REID

PENINSULA PETROLEUM LIMITED,

    Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This cause is before the Court upon Plaintiff, Peninsula Petroleum Limited's ("Plaintiff") Motion for Attorneys' Fees With Respect to its Motion for Default Judgment (the "Motion"). [ECF No. 24]. For the reasons provided below, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part**.

### BACKGROUND

This is a collection action. Plaintiff, an Irish corporation, seeks recovery of allegedly unpaid balances related to the sale of fuel for marine vessels to CI International Fuels SAS ("CI Colombia"), a Colombian corporation, of which Defendant, CI International Fuels LLC ("CI International"), a United States Corporation based in Florida, is an affiliate. *See generally* [ECF No. 1]. Defendant avers its sole function is "to make and take payments in the United States as part of a tax and sales/purchase strategy." [ECF No. 27 at 1].

Plaintiff filed its Complaint on March 9, 2022. [ECF No. 1]. On March 23, 2022, Plaintiff served Defendant's registered agent with a copy of the Summons and Complaint. [ECF Nos. 24 at

1; 27 at 4]. Defendant contends the next day its registered agent sent a copy of the Summons and Complaint, via email, to Sandra Ochoa ("Ms. Ochoa"), who works as an accounting assistant for Defendant. [ECF Nos. 20-2 ¶ 3; 27 at 4]. Thereafter, Ms. Ochoa forwarded the Summons and Complaint to Jaime Ochoa ("Mr. Ochoa"), who Defendant contends is Defendant's sole manager and the only individual with authority to take or respond to legal action on Defendant's behalf. [*Id.*].

Having received no response despite Defendant having been served through its registered agent, Plaintiff filed a Motion for Default on April 20, 2022. [ECF No. 13]. The Clerk entered default against Defendant the next day. [ECF No. 14]. Defendant contends that on April 25, 2022, Defendant's registered agent sent a copy of the Clerk's Default to Ms. Ochoa, who forwarded it to Mr. Ochoa the same day. [ECF Nos. 20-2 ¶ 4; 27 at 4].

Mr. Ochoa asserts he did not become aware of the instant suit until he received the email from Ms. Ochoa regarding the Clerk's entry of Default, because the March 25, 2022, email containing copies of the Summons and Complaint went to his "spam" folder. [*Id.*]. Defendant further asserts that the April 25, 2022, email also went to Mr. Ochoa's spam folder, but he became aware of it because he happened to be looking at his phone when it was sent and received a "popup notification" alerting him to the email. [*Id.*]. Thereafter, he checked his spam folder, and discovered the initial email containing the Summons and Complaint. [ECF Nos. 20-2 ¶ 4; 27 at 4– 5]. Upon learning of the suit, Mr. Ochoa contacted counsel the next day, and hired counsel on April 29, 2022. [*Id.*].

Defendant's counsel filed a notice of appearance on May 2, 2022, [ECF No. 17], and on the same day informed Plaintiff's counsel that Mr. Ochoa did not become aware of the suit until April 21, 2022. [ECF No. 24 at 1–2]. Over approximately the next two weeks, counsel for both

parties conferred, during which Plaintiff's counsel offered to consent to vacatur in exchange for Defendant paying the attorneys' fees Plaintiff incurred pursuing the entry of default. [*Id.*]. Defendant refused and filed its Motion to Set Aside Default on May 17, 2022. [ECF No. 20]. The Motion to Set Aside Default was granted on May 23, 2022. [ECF No. 22]. Plaintiff filed the instant Motion for Attorneys' Fees on May 26, 2022, in which it seeks $8,038.00 in fees. [ECF No. 30-1 ¶ 1].

## DISCUSSION

Plaintiff's Motion should be granted. Although Defendant's failure to timely respond to the Complaint did not rise to the level to warrant a denial of its Motion to Set Aside Default, it did result in Plaintiff incurring unnecessary fees. Accordingly, the Court should exercise its discretion in this matter and award Plaintiff the reasonable attorneys' fees incurred in pursuing entry of default.

### I. Entitlement to Fees

Where an entry of default against a defendant has been vacated under Fed. R. Civ. P. 55(c), but the defendant's untimely appearance in the case has caused a plaintiff to incur attorney's fees in pursuing the entry of default, courts have discretion to award the plaintiff his or her reasonable attorney's fees. *Saperstein v. Palestinian Auth.*, No. 04-20225-CIV, 2008 WL 4467535, at *16 (S.D. Fla. Sept. 29, 2008) (noting that in exercising its discretion to set aside a default, courts have inherent authority to impose a reasonable condition on the vacatur, including awarding reasonable attorneys' fees, to avoid undue prejudice to the non-defaulting party); *see also Serv. Emps. Int'l Union Nat'l Industry Pension Fund v. Hamilton Park Health Care Ctr., Ltd*, 304 F.R.D. 65, 71–72 (D.D.C. 2014) (finding that in exercising its discretion to set aside a default the most common condition courts impose "is that the defendant reimburse the plaintiff for costs—typically court

costs and attorney's fees—incurred because of the default"). In exercising this discretion, however, "[t]he Southern District of Florida is wary of imposing *unnecessary* attorney's fees on defaulting defendants." *Regal Nails, Salon & SPA, LLC v. Ha*, No. 20-14388-CIV, 2022 WL 209189, at *6 (S.D. Fla. Jan. 5, 2022) (emphasis added), *report and recommendation adopted*, No. 20-14388-CIV, 2022 WL 204743 (S.D. Fla. Jan. 24, 2022). Notwithstanding, courts within this district have ordered defaulting defendants to "reimburse [the plaintiffs] … for [the] attorney's fees and costs incurred in obtaining the Clerk's Default[]," even where "there ha[d] been no showing of bad faith on the part of Defendants, nor ha[d] it been shown their delay was willful or that [the plaintiff would have been] prejudiced by a brief delay … and by having to prove their claims on the merits." *Wells Fargo Bank, N.A. v. Forrest Cap. Partners, Inc.*, No. 16-25266-CIV, 2017 WL 7726685, at *2 (S.D. Fla. Feb. 17, 2017); *see also Saperstein*, 2008 WL 4467535, at *16 (granting vacatur and requiring Defendants to pay Plaintiff' reasonable attorneys' fees and costs to "restore[] [the plaintiff] to the *status quo ante* Defendants' defaulting conduct").

In the instant case, an award of reasonable attorneys' fees is warranted. To be sure, there is nothing in the record to indicate Defendant, or Mr. Ochoa in his managerial capacity, failed to timely respond to the Complaint or enter an appearance because of bad faith, dilatory tactics, or some form of gamesmanship. Notwithstanding, Defendant was adequately served through its designated registered agent, yet failed answer the Complaint within an appropriate period of time. Although Mr. Ochoa is not based in the United States, he runs a United States corporate entity based in this District, and thus should be prepared to respond to litigation here. Defendant's failure to timely respond, whether as a result of miscommunication (or, rather a lack of communication) between Mr. Ochoa and Ms. Ochoa, or because of the spam folder settings on Mr. Ochoa's emails,

4

resulted in Plaintiff incurring unnecessary attorneys' fees in pursuing the entry of default. Plaintiff should not be left holding the bag for Defendant's failure.

Both parties focus on *In re Arthur Treacher's Franchise Litig.*, 92 F.R.D. 398 (E.D. Pa. 1981). As such, the case is worth some attention. Plaintiff cites the case, along with a handful of others, for the proposition that courts *should* condition vacating an entry of default on the defendant reimbursing a plaintiff for the costs incurred in seeking an entry of default. *See* [ECF No. 24 at 3–4]. Defendant, however, contends the case does not explicitly state that vacatur as a matter of law is conditioned upon the defendant paying a plaintiff's reasonable attorney's fees, but that it is merely within a court's discretion to require such a condition. [ECF No. 27 at 7–8]. In this respect, Defendant is correct. As with the other facets of a court's decision related to a Fed. R. Civ. P. 55(c) motion, whether to condition vacatur on a defaulting defendant paying for the attorney's fees a plaintiff incurred, is a matter largely within the Court's discretion. *See, e.g., Saperstein*, 2008 WL 4467535, at *16; *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-CV-00330, 2007 WL 4305606, at *2 (S.D.W. Va. Dec. 7, 2007). In fact, although in the various cases Plaintiff cites[1] payment of reasonable attorney's fees was a condition of vacatur, none of those cases suggest it is in fact a requirement for relief under Rule 55(c). Rather, it appears it was a means for those courts to offset "[w]hatever prejudice resulted from Plaintiff having to file a motion for entry of default," through a less drastic means than a default judgment. *Hanson & Morgan Livestock, Inc.*, 2007 WL 4305606, at *4.

That is the situation we find ourselves in here. Plaintiff will suffer no significant prejudice by the few weeks delay in this case, nor from having to prosecute its claims on the merits. Plaintiff

---

[1] *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-CV-00330, 2007 WL 4305606, (S.D.W. Va. Dec. 7, 2007); *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Vortex Marine Constr. Inc.*, No. 17-CV-03614-KAW, 2018 WL 1993392 (N.D. Cal. Apr. 27, 2018); *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509 (N.D. Ohio 1983); *Kopcsack v. Reg.*, No. 3:17CV212-MCR/CJK, 2017 WL 11643362 (N.D. Fla. Dec. 11, 2017).

did, however, incur expenses as a result of Defendant's failure to timely respond. The prejudice this caused is easily quantified, it is the expenses Plaintiff incurred in pursuing the default. Although the Court did not include this as a condition in its Order Granting Defendant's Motion to Set Aside Default, it is an appropriate consequence for Defendant's lack of vigilance, and a more balanced remedy in lieu of a default judgment.

## II. Calculating Plaintiff's Reasonable Attorneys' Fees

As an initial matter, it should be noted that although Defendant contested Plaintiff's request for fees generally, it did not object specifically to the amount of total fees sought, the hourly rates charged by Plaintiff's attorneys, or the hours expended by them. As discussed below, despite Defendant's failure to make more specified objections, the requested fee Plaintiff seeks is excessive given the number of hours billed. Accordingly, Plaintiff's attorneys' fee award should be reduced.

Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

### A. Reasonable Hourly Rate

The Court must first evaluate Plaintiff's requested hourly rate for the attorneys and paralegals. A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*

6

*v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

    i.  <u>Joseph Johnson, Esq.'s Hourly Rate</u>

Mr. Johnson, a graduate of Albany Law School of Union University, is a partner at Zeiler Floyd Zadkovich, LLP ("ZFZ"), and a member of the New York State Bar. [ECF No. 30-1 at 1]. He has 28 years of commercial litigation experience and has an hourly rate of $430 per hour. [*Id.*]. Based on these credentials, the complexity of the issues involved, and the procedural posture of this case, $430 is a reasonable hourly rate and is in line with the hourly rates courts within this District have found reasonable for attorneys with comparable qualifications. *See, e.g., Liona v. Am. Elite Recovery, LLC*, No. 19-60325-CIV, 2019 WL 5260280, at *2 (S.D. Fla. June 13, 2019), *report and recommendation adopted*, No. 0:19-CV-60325-UU, 2019 WL 5260138 (S.D. Fla. July

7

9, 2019) (concluding $450 was a reasonable hourly rate for an attorney with 17 years' experience, in a case in which default judgment had been entered); *Lloyd v. James E. Albertelli, P.A.*, No. 20-CV-60300-RS, 2020 WL 7295767, at *2 (S.D. Fla. Dec. 10, 2020) (finding $450 hourly rate was in line with reasonableness within the Southern District of Florida for a partner with 16 years' legal experience).

    ii.  <u>Zach Barger, Esq.'s and Evan S. Gutwein, Esq.'s Hourly Rate</u>

Mr. Barger is an associate at ZFZ, a graduate of Ohio Northern University Pettit College of Law, and has nine years' litigation experience. [ECF No. 30-1 at 3]. Mr. Barger's hourly rate is $325. [*Id.*]. Mr. Gutwein is a member of the Florida Bar, and is a partner at Hamilton, Miler, & Birthisel LLP. [*Id.* at 4]. He has 14 years' worth of commercial litigation experience and bills at an hourly rate of $300. [*Id.*]. Based on Mr. Barger and Mr. Gutwein's credentials, the complexity of the issues involved, and all other pertinent factors, $325 and $300, respectively, aligns with hourly rates other courts within this District have found reasonable for attorneys of comparable qualifications. *See, e.g., Garcia v. Pajeoly Corp.*, No. 18-23399-CIV, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, No. 18-CV-23399-CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (finding a $325 award was appropriate for a senior associate with twelve years' litigation experience); *Shipping & Transit, LLC v. LensDiscounters.com, a division of LD Vision Grp., Inc.*, No. 16-80980-CIV, 2017 WL 5434581, at *7 (S.D. Fla. July 11, 2017), *report and recommendation adopted*, No. 9:16-CV-80980, 2017 WL 5300068 (S.D. Fla. Aug. 10, 2017) (concluding $350 was a reasonable fee for an attorney with roughly ten years' legal experience).

## B. Reasonable Number of Hours Expended

The Court must evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and the paralegals. *See Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). In conducting this analysis, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Although Defendant did not contest the number of hours Plaintiff's attorneys expended in pursuing the entry of default, even under such circumstances "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount in awarded." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The billing entries Plaintiff has

9

provided are excessive. Based on the relatively simple nature of the issues involved in pursuing an entry of default, the billing entries include excessive time for tasks such as sending emails, reviewing docket entries, and for reviewing the work of other attorneys. *See generally* [ECF No. 30-1]. The most efficient way to remedy this is to make an across the board cut of the time billed, rather than reduce the time billed for individual tasks. *See Garcia*, 2020 WL 764127, at *6 (S.D. Fla. Jan. 10, 2020) (noting a 20% reduction for each timekeeper was appropriate where the billing records "reflect an excessive amount of time spent for sending emails, meeting with associates and/or the client, reviewing court orders, and checking the docket"). Based on a review of the billing entries a 15% reduction for each timekeeper is appropriate here. Thus, the hours for each timekeeper should be as follows: (1) Mr. Johnson's time is reduced from 3.60 hours to 3.06 hours; (2) Mr. Barger's time is reduced from 15 hours to 12.75 hours; and (3) Mr. Gutwein's time is reduced from 6.10 hours to 5.19 hours.

C. **Total Fee Award**

Based on the reduction in time and the reasonable hourly rates for each timekeeper, the breakdown of the total award should be as follows: (1) the fee award for Mr. Jonson's time should be $1,315.80 (3.06 hours x $430 hourly rate); (2) the fee award for Mr. Barger should be $4,143.75 (12.75 hours x $325 hourly rate); and (3) the fee award for Mr. Gutwein's work should be $1,557.00 (5.19 hours x $300 hourly rate). Accordingly, the total fee award should $7,016.55.

## CONCLUSION

For the foregoing reasons it is **RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees With Respect to its Motion for Default Judgment [ECF No. 24] be **GRANTED in part**, and Plaintiff should be awarded $7,016.55 in attorneys' fees.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 30th day of June, 2022.

*/s/ Lisette M. Reid*
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**