UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,

    Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,

    Defendant.

_____/

## PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND ITS COMPLAINT

Plaintiff, PENINSULA PETROLEUM LIMITED, by and through undersigned counsel, hereby seeks leave to amend its complaint.

### Facts

1. This matter involves a liquidated claim – that is, a claim to recover a specific amount of money that had been previously agreed upon as owed by Defendant CI International Fuels LLC ("Defendant" or "CI Int'l") pursuant to a contract (the parties' "Master Agreement") – in the amount of $1,545,293.56, plus interest. In response to Plaintiff, Peninsula Petroleum Limited ("Peninsula" or "Plaintiff"), commencing suit to recover that amount, CI Int'l moved to dismiss the existing claims based on the purported scope of an arbitration clause and the *forum non conveniens* doctrine (Dkt. No. 26.)

2. In opposition to CI Int'l's motion, Peninsula pointed out that CI Int'l's conduct established that it had *agreed* upon a sum that it owed Peninsula that it has since failed to pay, and that it never contested the computation of the amounts owed. (Dkt. 27.) It was only thereafter that CI Int'l, on reply, stated for the first time in conclusory terms that "[t]he parties did not reach an

2

agreement concerning the validity, existence, and amount, if any, of the alleged price adjustment debt" (Dkt. 31-1, Para. 9).

3. Just prior to commencing suit in March 2022, Peninsula confirmed via a licensed investigation company that CI Int'l had more than the principal owed residing in Florida bank accounts, namely approximately $1,773,000.[1]

4. In May 2022, CI Int'l's Managing Member, Jaime Ochoa, filed two separate declarations in this suit, each asserting that CI Int'l had no assets in Florida or elsewhere in the United States (Dkt. 20-2, Para. 8; Dkt. 26-2, Para. 9). Those averments appear to have been false as it relates to Florida.

5. Recently, Peninsula confirmed through the same investigation company that CI Int'l had ostensibly transferred a net amount of approximately $1,226,800 from those Florida accounts, leaving approximately $546,200 remaining. These facts are fully set out in the Declaration of Joseph Johnson, filed contemporaneously herewith. (See attached Ex. "A").

6. In view of the foregoing facts, Peninsula seeks to amend its complaint to assert a claim for relief under Florida's Uniform Fraudulent Transfer Act (UFTA) (Title XLI, Chapter 726 of the Florida Statutes).

7. The proposed amended complaint is submitted as an exhibit hereto. (See attached Ex. "B").

8. As set forth more fully below, the issues raised by CI Int'l's motion to dismiss are not a bar to the proposed amendment. Peninsula has a right to maintain the proposed fraudulent transfer claims before this Court -- with respect to the approximate $1,226,800 transferred by CI

---

[1] CI Int'l is a Florida LLC with a registered principal place of business in North Bay Village, Florida.

Int'l from its Florida accounts during the pendency of this action -- and it is respectfully requested that leave be granted to Peninsula to file the proposed amended complaint.

## Memorandum of Law

Pursuant to Federal Rule of Civil Procedure (FRCP) 15(a)(2), leave to amend should be freely granted "when justice so requires." Moreover, pursuant to Florida's UFTA, a "creditor" is defined as a person who has a "claim", that is, a right to payment whether or not the right is reduced to judgment, liquidated, or undisputed. A "debtor" means a person who is liable on a claim. Fla. Stat. § 726.102(4), (5), (7). In view of the foregoing, Peninsula has plain standing to bring the proposed fraudulent transfer claims.

Peninsula's proposed fraudulent transfer claims are properly brought in Florida since this is where CI Int'l is formed, principally conducts its business, maintains accounts, and had enough money to cover the principal owed to Peninsula until it transferred out most of it. The UFTA statute's obvious remedial purpose is to ensure that assets are available to satisfy the claim at such time as it may be reduced to a judgment and become enforceable. Fla. Stat. § 726.108. The remedies and relief afforded to Peninsula under UFTA would logically be rendered most effective in Florida. In view of the foregoing, the purposes of both UFTA and FRCP 15(a)(2) would be served by granting leave to permit the proposed amended complaint to be filed.

The proposed fraudulent transfer claims are not barred by the arbitration clause set forth in the parties' Master Agreement. These proposed claims are non-contractual, statutory claims. As readily demonstrated by Peninsula's memorandum in opposition to CI Int'l's motion to dismiss, there was an obvious and intentional drafting decision to exclude many types of matters from arbitration, such as non-contractual "claims". (Dkt. 29: Opp. Memo at 6-7, 11-13.) A fraudulent transfer claim is just such a type of excluded claim.

Nor, in any event, is the proposed fraudulent transfer claim a "dispute" in this matter. As noted above, CI Int'l agreed to the liquidated claim amount of $1,545,293.56, plus interest. CI Int'l only contended that there was a dispute with respect to that claim in response to Peninsula's legal arguments with respect to the distinction between a "claim" and a "dispute" for purposes of interpreting the scope of the arbitration clause in the context of the pending motion to dismiss.

The proposed fraudulent transfer claim relates to Peninsula's statutory right to ensure that assets are available to satisfy its claim even prior to a judgment being rendered. In the interest of justice, leave should be granted.

Lastly, Peninsula has plainly satisfied the pleading elements of an UFTA claim, as set forth in the accompanying proposed amended verified complaint

WHEREFORE, Plaintiff respectfully request this Honorable Court grant Plaintiff leave to filed the proposed amended verified complaint.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion via email on November 2, 2022 and November 3, 2022 and via telephone on November 3, 2022 and November 4, 2022, but has been unable to obtain a substantive response.

**Dated: November 4, 2022**

Respectfully submitted,

By:   /s/ Evan S. Gutwein
HAMILTON, MILLER, & BIRTHISEL LLP
Jerry D. Hamilton (FBN 970700)
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein (FBN 58741)

egutwein@hamiltonmillerlaw.com
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
(305) 379-3686 (telephone)
(305) 279-3690 (facsimile)
***Attorneys for Plaintiff***

-and-

ZEILER FLOYD ZADKOVICH (US) LLP
Luke Zadkovich, Esq.
Luke.zadkovich@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
Joseph Johnson, Esq.
joe.johnson@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
215 Park Avenue, 11th Floor
New York, NY 100003
(917) 375-9511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2022 I electronically filed this document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

By: *Evan S. Gutwein*

| | |
|---|---|
| Fernando Franco<br>Counselor Franco, P.A.<br>1990 Sw 27th Ave 2nd Floor<br>Miami, FL 33145<br>(786)724-0900 (telephone)<br>(786)221-2407 (fax)<br>Service@francolawfirmpa.com<br><br>*Attorneys for Defendant* | HAMILTON, MILLER, & BIRTHISEL LLP<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br><br>and<br><br>ZEILER FLOYD ZADKOVICH (US) LLP<br>Luke Zadkovich, Esq.<br>Luke.zadkovich@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>Joseph Johnson, Esq.<br>joe.johnson@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*) |

5
**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

|  | 215 Park Avenue, 11th Floor<br>New York, NY 100003<br>(917) 375-9511<br><br>*Attorneys for Plaintiff* |
|---|---|