UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 2022-cv-20712-ALTMAN/Reid

PENINSULA PETROLEUM LIMITED,

        Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,

        Defendant.                 /

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SCHEDULE MEDIATION

Plaintiff, PENINSULA PETROLEUM LIMITED ("Peninsula"), by and through undersigned counsel, hereby files its Motion for Extension of Time to Schedule Mediation:

1. This is a collection action by Peninsula for a debt that is due from CI Int'l related to marine fuel.

2. Pursuant to this Court's order requiring mediation, the parties are select a mediator and schedule mediation by January 10, 2023. (*See* Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [D.E. 51]).

3. Undersigned counsel has been diligent in attempting to meet the deadline imposed by the Court. Specifically, last week undersigned counsel wrote to Defendant's counsel with a proposed mediator as well as proposed times and dates for mediation. Undersigned counsel also called Defendant's counsel on December 28, 2022 and January 10, 2023 in order to discuss same but is yet to receive a call back.

4. To date Defendant's counsel has not responded to undersigned counsel's calls and emails – possibly because Defendant's counsel was on vacation[1].

5. Plaintiff's counsel does not anticipate an issue reaching an agreement on a mediator or in scheduling mediation. Therefore, Peninsula respectfully requests a seven (7) day extension of time, up to and including January 17, 2023, to make contact with Defendant's counsel and schedule mediation.

6. Peninsula makes this request in good-faith and with no intention of unnecessarily delaying the proceedings in this matter.

## MEMORANDUM OF LAW

Since Plaintiff seeks to modify the Court's Scheduling Order, Rule 16 provides the applicable standard. The Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 291 (11th Cir. 2019) (quoting *Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)). "If a party was not diligent, the good cause inquiry should end." *Oravec*, 527 F.3d at 1232 (11th Cir. 2008) (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, Plaintiff was diligent in attempting to schedule mediation. Plaintiff proposed a mediator, proposed dates, and contacted opposing counsel via phone and email to schedule same. However, to date Defendant's counsel has not responded to Plaintiff's proposal – possibly because Defendant's counsel was on vacation until yesterday. Peninsula respectfully request this

---

[1] According to lead counsel's assistant, lead counsel was on vacation through January 9, 2023.

Honorable Court enter an order granting the parties a seven (7) day extension of time, up to January 17, 2023, to select a mediator and schedule mediation.

## CERTIFICATE OF GOOD-FAITH COMPLIANCE

Undersigned counsel hereby certifies he has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by calling opposing counsel on December 28, 2022 and January 10, 2023 and by emailing opposing counsel and her legal assistant on January 5, 2023, January 9, 2023 and January 10, 2023 but is yet to receive a response.

Dated: January 10, 2023

    Respectfully submitted,

By: /s/ Evan S. Gutwein
HAMILTON, MILLER, & BIRTHISEL LLP
Jerry D. Hamilton (FBN 970700)
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein (FBN 58741)
egutwein@hamiltomillerlaw.com
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
(305) 379-3686 (telephone)
(305) 279-3690 (facsimile)
*Attorneys for Plaintiff*

    -and-

ZEILER FLOYD ZADKOVICH (US) LLP
Luke Zadkovich, Esq.
luke.zadkovich@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
Joseph Johnson, Esq.
joe.johnson@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
215 Park Avenue, 11th Floor
New York, NY 100003
(917) 375-9511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2023 I electronically filed this document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

By: *Evan S. Gutwein*

| | |
|---|---|
| SANCHEZ VADILLO, LLP<br>Lori Dilican<br>ldilican@svlawus.com<br>11402 NW 41st St, Suite 202<br>Doral, Florida 44178<br>(305) 436-1410 (telephone)<br>(305) 436-0191 (facsimile)<br>***Attorneys for Defendant*** | HAMILTON, MILLER, & BIRTHISEL LLP<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br><br>and<br><br>ZEILER FLOYD ZADKOVICH (US) LLP<br>Luke Zadkovich, Esq.<br>Luke.zadkovich@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>Joseph Johnson, Esq.<br>joe.johnson@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>215 Park Avenue, 11th Floor<br>New York, NY 100003<br>(917) 375-9511<br><br>***Attorneys for Plaintiff*** |

4