UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,
Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,
Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS FOR FORUM NON CONVENIENS**

Defendant, CI International Fuels LLC, ("CI" or "Defendant"), by and through the undersigned counsel, respectfully submits this Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Forum Non Conveniens. DE 60. On the basis of CI's Motion to Dismiss, seeking to enforce the parties forum selection clause (DE 52), and the reasons set forth in this Reply, Defendant's Motion to Dismiss should be granted.

## PRELIMINARY STATEMENT

Defendant's Motion to Dismiss for Forum Non Conveniens seeking to enforce the forum selection clause bargained for by the parties should be granted. Plaintiff does not dispute the validity of the forum selection clauses, but only offers a non-persuasive semantic argument premised on its interpretation of the distinction between a claim and a dispute. Plaintiff basically presents a baseless argument that its claims do not rise to the level of a dispute premised on its self-serving legal conclusion that its "claim is liquidated." Federal law is well established that forum selection clauses are presumptively valid and that Plaintiff's have a heavy burden when seeking to avoid contractually bargained for forum selection clauses. That burden requires the Plaintiff to make a strong showing that proceeding in the alternate forum would be "gravely difficult" and that Plaintiff would be deprived of its day in court. Plaintiff makes no argument that it would be gravely difficult to proceed in the alternate forums. Nor does Plaintiff suggest that if the Court grants Defendant's motion to dismiss that it would be deprived of its day in court. Plaintiff fails to argue that enforcement of the forum selection clauses would be unreasonable. At bottom, the Plaintiff failed to meet its burden and is not entitled to avoid the forum selection clauses. Hence, Defendant's motion to dismiss should be granted.

## FACTUAL AND PROCECURAL BACKGROUND

2

On November 4, 2022, Plaintiff filed an Amended Verified Complaint, DE 36-2, raising three (3) counts. Count I raises a claim for Breach of Contract seeking money damages. Count II raises a claim for Enforcement of Security Interest Contained in Pledge Agreement. Count III raises a claim for Fraudulent Transfer. At this time, the pleadings are still open with no Answer having been filed while Defendant's Motion to Dismiss (DE 52), seeking to enforce the parties bargained for forum selection clause remains pending.

Count I of Plaintiff's Complaint for Breach of Contract seeks to recover monetary damages based on the Master Agreement (DE 36-2) for Cargo Recap Contracts pursuant to the Master Agreement between the parties. Plaintiff attached the Master Agreement to its Verified Amended Complaint as Exhibit 2. The Verified Amended Complaint at paragraph 46 seeks to enforce the Governing Law provision of Clause 11.1 of the Master Agreement and have the claim for breach of contract resolved under the application of English law. However, the following paragraph of the Verified Amended Complaint, paragraph 47, alleges that the arbitration provision of the Master Agreement set forth in Clause 11.2 does not apply. Clause 11.2 provides in pertinent part that:

> Any dispute arising out of or in connection with this Master Agreement and/or any Cargo Recap and/or Bunker Recap, including any question regarding their existence, validity, or termination, **shall** be referred to and finally resolved by arbitration under the LCIA Rules, …
> [emphasis added].

Count II of the Verified Amended Complaint seeks to enforce a security interest based on a Pledge Agreement. At paragraph 63 of the Verified Amended Complaint, the Plaintiff admits that the Pledge Agreement is governed by the laws of Colombia at Section 8.11. Plaintiff alleges at paragraph 63 that, "While that section [8.11] also provides that the parties submit to the jurisdiction of Colombia, it is not an exclusive jurisdiction Clause. Section 8.11 of the Pledge Agreement states:

> The Parties agree that this Agreement will be governed by the laws of Colombia and submit expressly and irrevocably to the jurisdiction of the competent judges of Colombia.

Count III raises a claim for fraudulent transfer which appears to be premised on both the enforcement of the Pledge Agreement and Disputes arising under within the scope of the Master Agreement's arbitration clause. Here, the unambiguous and plain language of both the Master Agreement and the Pledge Agreement attached to Plaintiff's Verified Amended Complaint speak for themselves. Colombia is the agreed upon jurisdiction and venue for all matters arising out of the Pledge Agreement. The broad any mandatory arbitration clause, set forth at 11.1 of the Master Agreement, captures all other "disputes or claims" "arising out of or in connection with the[e] Master Sale and Purchase Agreement and/or in connection with any Cargo Recap and/or Bunker Recap and their subject matter or formation (including non-contractual disputes or claims". In the instant litigation, the Court dismissed a prior forum non-conveniens motion without prejudice based on granting Plaintiff leave to amend its Complaint. Thus, the Court made no determination as to the merits of CI's forum non-conveniens motion. where Accordingly, CI incorporates its Motion to Dismiss for Forum Non Conveniens seeking to enforce the parties forum selection clauses by reference as if fully set forth herein.

## I. PLAINTIFF'S ALLEGATIONS

A. Plaintiff in both its Prelimary Statement and Summary of the Facts and Procedural Posture, especially at the section captioned "A. Plaintiff's Liquidated Claim," which has not been established, sets forth self-serving allegations and legal conclusions that have yet to be addressed by way of Answer or Affirmative Defenses. The scope of CI's motion to dismiss is based on a forum non conveniens argument to enforce the forum selection clause(s). Thus, such arguments and assertions as set forth by the Plaintiff

    constitute an improper response to CI's Motion to Dismiss. Presumably, the Plaintiff is seeking to either improperly prejudice the Defendant and/or goad the Defendant into addressing the allegations of the Verified Complaint outside of a proper pleading. Accordingly, CI makes no admissions of any kind with regard to Plaintiff's allegations and/or legal conclusions and does not waive any right to appropriately respond to Plaintiff's allegations by Answer and further reserves that right to raise all available affirmative defenses therein.

B. CI does not dispute that CI International LLC is a Florida legal entity having active status. Nor does CI dispute that Maria M. Roa owns the property commonly known as 7900 Harbor Island Drive, Unit 615, North Bay Village, Florida. However, Jaime Ochoa is personally domiciled in Colombia and has clearly and repeatedly stated that CI International Fuels LLC's primary function is to send out invoices and collect payments. Plaintiff's response admits that Plaintiff has received invoices from Florida. All invoicing and collection activity arises from and in connection with the operations of CI International Fuel SAS in Colombia. Although such considerations are relevant to a diversity inquiry, the present issue is whether the forum selection clauses contained in the Master Agreement and the Pledge Agreement are valid, and if so, which clause controls.

C. Plaintiff admits that CI is correct to rely on section 11.1 of the Master Agreement captioned, Governing Law and Arbitration, but disputes that the parties bargained for arbitration agreement is applicable. Plaintiff takes the position that §11.1 "makes a distinction between a claim and a dispute." This assertion is premised on Plaintiff's misapprehension of the plain language of §11.1 which address "disputes or claims,"

"including non-contractual disputes or claims." Clearly the language of §11.1 is broad. Yet, Plaintiff offers the semantical contention that the scope of the arbitration is provision should be circumscribed by the distinction of whether the matter at issue is classified as a dispute or a claim. Not surprisingly, Plaintiff takes the position that the "liquidated claim" before the Court is not within the ambit of §11.1. Here, the Court has not made any finding or determination that Plaintiff is before the Court on a "liquidated claim." This assertion by the Plaintiff is nothing more than a self-serving legal conclusion. Additionally, Plaintiff admits that the Pledge Agreement contains an applicable law and jurisdiction provision requiring the parties to submit to the jurisdiction of Colombia with respect to the security interest. Plaintiff then proceeds to contend that as to matter related to the security Pledge that §8.11 is "not an exclusive jurisdiction provision." Plaintiff's interpretation of §8.11 flies in the face of the plain language of §8.11, which requires the parties to "submit expressly and irrevocably to the jurisdiction of the competent judges of Colombia." Moreover, Plaintiff's arguments related to a semantic difference between "disputes" and "claims" is unpersuasive; regardless, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor or arbitration." *Moses h. Cone mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Saleemi v. Gosh Enters.,* 467 F. App'x 744, 745 (9th Cir. 2012). At bottom, Plaintiff's argument makes no sense. Here, Plaintiff brought a claim for Breach of Contract *inter alia*, not for a domestication of a judgment or a proceeding supplementary to collect on an award. In fact, Plaintiff could not bring such claims because no judgment or award has been rendered in the Plaintiff's favor. The instant dispute is whether CI breached the contract, which falls squarely

within the scope of the arbitration clause. Even in cases where a court of competent jurisdiction awards liquidated damages, such an award could not be rendered before the dispute of whether there was a breach is resolved.

D. Plaintiff states that the guaranty of the contract made by CI SAS (Colombia) "has no bearing on where this matter should be heard." Plaintiff's conclusion is incorrect. Given that CI SAS guaranteed the performance of the contract, it has ultimate liability for any monies that may be awarded. Moreover, Plaintiff admits that it filed a claim in Colombia to enforce the Pledge Agreement which was allegedly limited to assets found "*there.*" That claim was dismissed because it was improperly brought in small claims court. Exhibit A. The Plaintiff is well aware that CI SAS is engaged in reorganization proceedings in Colombia and that it has been named as a creditor. In fact, the Plaintiff is represented by Colombian counsel and is actively participating in the on-going reorganization proceedings in Colombia to the extent that the Plaintiff has objected to its priority and standing as a creditor in the reorganization proceedings. Exhibit B. Clearly, Colombia's jurisdiction over the CI SAS proceedings is a critical factor as to where the enforcement of the security pledge should be heard. As such, it is difficult to suppress the notion that the Plaintiff has attempted to bring proceedings related to the enforcement of the Pledge Agreement in the United States as an end run around Colombian jurisdiction.

## II.     LEGAL STANDARD AND ARGUMENT

"Because a forum selection clause is at issue the Court begins by analyzing; (1) whether the clause is valid; (2) whether Plaintiff's claims fall within the scope of the clause; and (3) whether the clause is mandatory or permissive." *United States & Hamilton roofing,*

*Inc. v. Cincinnati Ins. Co.*, No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. Lexis 100949, at 4 (M.D. Fla. March 25, 2022).

A. **VALIDITY** - "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id. United States & Hamilton roofing, Inc. v. Cincinnati Ins. Co.*, No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. Lexis 100949, at 4 (M.D. Fla. March 25, 2022). Here, the Plaintiff does not dispute the validity of the forum selection clause. Instead, Plaintiff argues that "Colombia is not a proper for a claim for execution against Defendant's assets located in Florida." Plaintiff's argument is contradicted by the forum selection clause contained in the Pledge Agreement, notwithstanding that the Agreement was executed by CI LLC. Yet, the Plaintiff argues that there is nothing to support the notion that CI is amenable to suit in Colombia.

B. **SCOPE** – "To determine if a forum-selection clause encompasses a particular type of claim, we look to its language." *Stiles v. Bankers Healthcare Grp., Inc.,* 637 F. App'x 556, 559 (11th Cir. 2016). "The court must [also] look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement." *Slater v. Energy Servs. Grp. Int'l, Inc.,* 634 F.3d 1326, 1130 (11th Cir. 2011). *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co*.,

8

No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. LEXIS 100949, at 8 (M.D. Fla. Mar. 25, 2022). "Because Plaintiff is attempting to recover damages through the Breach of Contract action, for its "furnish[ing of] . . . material . . . provided for in [the Subject Contract] . . . Plaintiff has instituted an action for the enforcement of the [Contract]. Plaintiff's claim thus falls within the scope of the forum selection clause. See *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.*, No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. LEXIS 100949, at 10 (M.D. Fla. Mar. 25, 2022). Additionally, Count II of the Amended Complaint seeking to enforce the security interest is dependent on and arises from the breach of contract dispute. Also, Count III for Fraudulent Transfer is clearly an adversarial dispute and falls soundly into the broad definition of a legal dispute. West's Encyclopedia of American Law defines a dispute as "A conflict or controversy; a conflict of claims or rights; an assertion of a right, claim, or demand on one side, met by contrary claims or allegations on the other. The subject of litigation…." "Dispute." West's Encyclopedia of American Law, edition 2. 2008. The Gale Group 10 Feb. 2023 https://legal-dictionary.thefreedictionary.com/Dispute.

C. **MANDATORY CLAUSE** - "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Id*. "A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.,* No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. LEXIS 100949, at 10 (M.D. Fla. Mar. 25, 2022), citing *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). The forum selection clause in question is mandatory, as it states that any disputes "shall be referred to and finally resolved by arbitration. . . in London England" (Doc. 19-1 at 7 (emphasis added)); *Carrigg v. Gen. R.V.*

*Ctr., Inc.,* No. 3:18-cv-654-J-34PDB, 2018 U.S. Dist. LEXIS 192071, 2018 WL 5904447, at 6 (M.D. Fla. Nov. 9, 2018) ("Mandatory clauses use specific terms of exclusion, such as the word 'shall,' while permissive clauses contain no mandatory language to indicate that the parties meant to foreclose litigation anywhere else." (quotation omitted)). The Pledge Agreement requires that for enforcement proceedings pursuant to the Agreement, that the Parties must submit expressly and irrevocably to the law and jurisdiction of Colombia. Thus, both Agreements contains a valid, enforceable, mandatory forum selection clause. *United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.*, No. 6:20-cv-2360-CEM-GJK, 2022 U.S. Dist. LEXIS 100949, at 11 (M.D. Fla. Mar. 25, 2022).

III. `The Papalote Case

   A. Plaintiff relies on *Papalote Creek II, LLC v. Lower Colorado River Auth.,* 918 F. 3d 450 (5th Cir. 2019) to support its argument that the Court should disregard the parties' bargained for arbitration clause. The arbitration clause in *Papalote* is based on "performance." Papalote and LCRA agreed to submit to binding arbitration "[i]f any dispute arises with respect to either Party's performance." The *Papalote* arbitration clause clearly signifies the parties' intent to limit arbitration to performance-related disputes only, and the arbitration clause neither requires nor authorizes arbitration of disputes that are not performance-related, such as disputes related to the interpretation of the Agreement. Interpretative disputes arise when the parties disagree over the meaning of text. See Interpretation, Black's Law Dictionary (10th ed. 2014) ("The ascertainment of a text's meaning[.]"). Although Papalote and LCRA contractually committed "to have someone—other than a judge—decide" performance-related disputes, they did not agree to have an

10

arbitrator decide matters of contract interpretation. *In re M.W.M., Jr.,* 523 S.W.3d 203, 207 (Tex. App.—Dallas 2017). *Papalote Creek II, L.L.C. v. Lower Colo. River Auth.,* 918 F.3d 450, 456 (5th Cir. 2019). Similar to *Papalote* the parties do not dispute the validity of the arbitration clause. Unlike *Papalote,* where the language of the arbitration clause is narrow; the language of the parties agreed upon arbitration clause is broad and mandatory.

II. **SEMANTIC ARGUMENT OF CLAIMS VERSUS DISPUTES**

    A. Plaintiff argues at page 15 that "failure to pay may lead to a claim but that is not a dispute." Plaintiff's assertion is plainly a strained linguistic contortion because a claim becomes a **dispute** once litigation is commenced and the adverse party challenges the allegations. Plaintiff's argument is disconcerting at best for the reason that the argument really is not an argument. The Plaintiff is travelling under a misguided theory that it can sue for breach of contract and enforcement of a security pledge based on its self-serving legal conclusion that calims are liquidated and thus, there is no dispute. Therefore, this is simply a declaratory action for the court to affirm that the Plaintiff is right. That is not how legal proceedings work.

III. **PLAINTIFF FAILED TO MEET IT'S BURDEN**

    A. A party seeking to avoid a forum-selection clause has a "heavy burden of proof" that requires a showing that the designated forum is so "gravely difficult and inconvenient that [the party] for all practical purposes be deprived of his day in court." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17-18 (1972); *Carnival Cruise Lines, Inc. v. Shute,* U.S. 585, 592 (1991). A valid forum-selection clause alters the court's § 1404(a) analysis in three ways: (1) The plaintiff's choice of

11

forum carries no weight and the burden is on the plaintiff to establish that the transfer to the parties' agreed forum is unwarranted; (2) private interest factors should not be considered; and (3) where a party disregards its contractual obligation to file suit in an agreed forum, the original venue's choice of law rules will not carry over. *Atl. Marine Constr. Co. v. United States District Court,* 571 U.S. 64 (2013). Here, there are competing international forum selection clauses. Colombia may not be the proper forum for all the disputes in this matter, but it is the proper contractually agreed forum for all claims and disputes related to the Pledge Agreement. However, "[a]ny dispute arising out of or in connection with" the Master Agreement, Cargo Recap or Bunker Recap falls within the ambit of the arbitration clause and "**shall** be referred to and finally resolved by arbitration under the LCIA."

B. The Plaintiff does not dispute the validity of the forum selection clause, but only argues that it is inapplicable on the non-sensical basis that the claims raised in its Amended Complaint do not rise to the level of a dispute. Plaintiff, as the party seeking to avoid the forum selection clause, "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Bruckner Truck Sales v. Hoist Liftruck Mfg.,* 501 F. Supp. 3d 409, 418-19 (N.D. Tex. 2020) (citing Atl. Marine, 571 U.S. at 63) (quotation marks omitted). *Sisk v. BWS Insp. Servs., LLC,* No. PE:21-CV-00087-DC-DF, 2022 U.S. Dist. LEXIS 147868, at *6 (W.D. Tex. Aug. 16, 2022). Plaintiff makes no effort to show that proceeding in the bargained for fora would be "gravely difficult" and "inconvenient" to such an

    extent that Plaintiff would be deprived of its day in court. Thus, Plaintiff completely fails to meet its burden.

C. The Defendant has established that an alternate forum is available because the Defendant signed the Pledge Agreement confirming that it is amenable to Colombian jurisdiction and has not ever suggested otherwise. Moreover, the Defendant's motion seeking to enforce the forum selection clauses further confirms that the Defendant is amenable to both Colombian and LCIA jurisdiction. *Piper Aircraft Company v. Reyno,* 454 U.S. 235 (1981). The Plaintiff admits that it sought relief in the Colombian court, thereby acknowledging that Colombia is an adequate forum. Under Colombian law, the Superintendence of Corporations has jurisdiction to address all corporate disputes and render appropriate relief. *Tyco Fire and Sec., LLC v. Alcocer,* 218 Fed. Appx. 860, 865 (11th Cir. 2007). All that is required for a forum to be adequate is the availability of some relief. *Id.* Thus, there is an adequate forum available to the Plaintiff. Especially here, where in Mr. Ochoa's declaration confirms that he is amenable to jurisdiction in Colombia and agrees to toll the statute of limitations so that suit may be refiled by Plaintiff. Exhibit C.

D. **PUBLIC INTEREST FACTORS**

The public interest factors to be considered in the *forum non conveniens* analysis include, "the administrative difficulties flowing from court congestion;" "local interest in having localized controversies decided at home;" having a "forum that is at home with the law that must govern the action;" "avoidance of unnecessary problems in conflict of laws, or the application of foreign law;" and the "unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S.

235, 241 n.6 (1981). Since these factors "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co. v. United States District Court,* 571 U.S. 49, 64 (2013).

Here, there is no local interest in deciding a controversy at home because the Master Agreement governing the dispute is between two foreign legal entities from the United Kingdom and Colombia- Plaintiff and CI SAS. The Pledge Agreement is executed by CI, a Florida legal entity. However, the Plaintiff is a foreign legal entity and the Defendant is an affiliate of a Colombian legal entity that Guaranteed the Master Agreement between the parties and bears ultimate liability should Plaintiff prevail. The Pledge Agreement was collateral to the Master Agreement as a security instrument. The fuel was sold to CI SAS from Ireland and the held in the free trade zone in Santa Marta Colombia. Thus, the nexus to Florida is weak. Especially here, where the principals of CI are Colombian nationals. Accordingly, it is unfair to burden the citizens of Miami with jury duty in a forum where the Plaintiff argues in favor of the application of English law. It is contradictory for the Plaintiff to argue for the application of English law pursuant to §11.1, while simultaneously opposing arbitration proceedings in London, England. Clearly, the LCIA more familiar with the tenants and application of English law than the courts of the United States. It is disturbing that the Plaintiff, in contravention of two bargained for and valid forum selection clauses in foreign nations, now seeks to further congest the Southern District's docket. The Plaintiff's efforts to needlessly strain local judicial resources in the face of two valid forum selection clauses in foreign countries is further exacerbated by Plaintiff's argument for the application

14

of foreign law. It is self-evident that the public interest factor of the forum non conveniens analysis favor dismissal of Plaintiff's Verified Amended Complaint.

## CONCLUSION

Plaintiff failed to meet its heavy burden to avoid enforcement of the forum selections clauses contractually bargained for by the parties. Defendant has satisfied the forum non conveniens analysis and has shown that it is entitled to expect the benefit of its bargain with regard to the valid forum selection clauses in the Master Agreement and Pledge Agreement. Plaintiff will not be prejudiced by the dismissal of its Verified Amended Complaint. The public interest factors do not overcome enforcing valid forum selection clauses. The Defendant's Motion to Dismiss for Forum Non Conveniens should be granted.

Dated: February 10, 2023

**SANCHEZ VADILLO LLP**
*Attorneys for Defendant*
11402 NW 41st Street
Suite 202
Miami, Florida 33178
(305) 436-1410
ldilican@svlawus.com

By: /s/ Lori Dilican         `
Lori Dilican, Esq.
FBN: 1004723

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2023, that I electronically filed the foregoing document via the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

By: /s/ Lori Dilican    `
Lori Dilican, Esq.

HAMILTON, MILLER & BIRTHISEL LLP
Evan S. Gutwein, Esq.
egutwein@hamiltonmillerlaw.com
150 S.E. Second Ave., Suite 1200
Miami, Florida 33131

ZEILER FLOYD ZADKOVICH (US) LLP
Luke Zadkovich, Esq.
Luke.zadkovich@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
Joseph Johnson, Esq.
Joe.johnson@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
215 Park Avenue, 11th Floor
New York, New York 10003