**Gómez-Pinzón**
DESDE 1992

Gentlemen

**SUPERINTENDENCE OF CORPORATIONS**

**DELEGATION FOR INSOLVENCY PROCEEDINGS**

**Attn. Dr. Susana Hidvegi Arango**

Addressed to the institutional e-mail

webmaster@supersociedades.gov.co

| | | |
|---|---|---|
| **Reference:** | Reorganization Process of CI INTERNATIONAL FUELS S.A.S. |
| **File:** | 44.080 |
| **Subject:** | Objection to the Credit Rating and Grading Project. |

**DAVID RICARDO ARAQUE QUIJANO**, of legal age and domiciled in the city of Bogotá D.C., identified as it appears at the bottom of my signature, acting in my capacity as attorney-in-fact of **PENINSULA PETROLEUM LIMITED** (hereinafter, "PENINSULA"), in accordance with Article 29 of Law 1116 of 2006, I hereby file an OBJECTION to the Credit Rating and Graduation Project presented by the Promoter of **CI INTERNATIONAL FUELS S.A.S. - IN REORGANIZATION** (hereinafter "CI" or "the Bankrupt Party"), in the following terms:

### I. REQUESTS

In accordance with the facts and grounds set forth in this letter, I respectfully request the H. Delegatura:

**FIRST.** GRANT the OBJECTION to the Project of Rating and Credit Graduation of the Insolvent Party, and ORDER that the following claims in favor of my client be appraised in United States dollars (USD) and not in Colombian pesos (COP).

| Invoice No. | Actual value (USD) | Project Value (COP) |
|---|---|---|
| 10I176202 | USD$354,000.00 | COP$1.307.445.900 |
| 10I175369 | USD$164,500.00 | COP$607,556,076 |
| 10I176205 | USD$344,000 | COP$1,270,512,400 |
| 10I176204 | USD$172,000 | COP$635,256,200 |
| 10I176206 | USD$510,793.56 | COP$1,886,539,394 |
| **TOTAL** | **USD$1,545,293.56** | **COP$5,707,309,970** |

**SECOND. Consequently,** ORDER that only for the purpose of determining the voting rights in favor of my principal, the amounts owed be appraised in Colombian pesos, with the TRM of the day prior to the date of admission of CI INTERNATIONAL FUELS.
S.A.S. to reorganization.

### II. FUNDAMENTALS

1. In the specific case, the promoter of the process recognized in Colombian pesos (COP) within the Credit Qualification and Graduation Project a series of claims in favor of

www.gomezpinzon.com   Calle 67 # 7-35 Of. 1204   Cra. 43A # 1- 50 Of. 209
Edificio Caracol   San Fernando Plaza
Bogotá, Colombia   Medellín, Colombia
Tel: +571 319 2900   Tel: +574 444 3815

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/22/2022
Phone Number: +573042073942

**Gómez-Pinzón**
DESDE 1992

PENINSULA, however, these were contracted in dollars of the United States of America (USD) and should be recognized as such in accordance with current legislation and jurisprudence.

2. The obligations of the reference are the following, included in the name of PENINSULA as a creditor of the fourth class:

| Invoice No. | Actual value (USD) | Project Value (COP) |
|---|---|---|
| 10I176202 | USD$354,000.00 | COP$1.307.445.900 |
| 10I175369 | USD$164,500.00 | COP$607,556,076 |
| 10I176205 | USD$344,000 | COP$1,270,512,400 |
| 10I176204 | USD$172,000 | COP$635,256,200 |
| 10I176206 | USD$510,793.56 | COP$1,886,539,394 |
| TOTAL | USD$1,545,293.56 | COP$5,707,309,970 |

3. The valuation of the debentures listed in the preceding paragraph should have been made in Colombian pesos **only** for purposes of determining the voting rights -as in fact was done-, but not for rating and grading them in the Project, in which they should have been included in United States dollars.

4. In fact, the obligations described above correspond to exchange operations, since their source is the Guarantee Agreement entered into by CI INTERNATIONAL FUELS S.A.S. with my client, who is domiciled in the Republic of Ireland, as expressly indicated in the agreement.

5. This guarantee agreement establishes that CI INTERNATIONAL FUELS S.A.S. is jointly and severally liable for debts owed to Peninsula by CI INTERNATIONAL FUELS LLC, with whom PENINSULA has entered into various contracts for the purchase and sale of petroleum charges and which has failed to pay PENINSULA the corresponding amounts.

6. The secured obligations are denominated in U.S. dollars. CI INTERNATIONAL FUELS S.A.S. is the principal and joint and several debtor of these obligations, and therefore its obligation is also denominated in U.S. dollars.

7. In addition, as can be seen from the invoices provided and which support what is stated in the Credit Qualification and Graduation Project, **the invoices containing the respective obligations are issued in U.S. dollars.**

8. In this sense, the monetary obligations owed by CI INTERNATIONAL FUELS S.A.S. to my client correspond to a typical exchange obligation. By virtue of the foregoing, **it is NOT legally appropriate that in the Credit Rating and Graduation Project the values of the obligations in favor of my client were appraised in Colombian pesos, when they should have continued to be appraised in U.S. dollars**.

9. Moreover, even if it were not an exchange transaction, but an obligation agreed in foreign currency but payable in Colombian pesos, the applicable regulations would not allow the promoter to tax the obligations of the Rating and Grading Project.

www.gomezpinzon.com

Calle 67 # 7-35 Of. 1204
Edificio Caracol
Bogotá, Colombia
Tel: +571 319 2900

Cra. 43A # 1- 50 Of. 209
San Fernando Plaza
Medellín, Colombia
Tel: +574 444 3815

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/22/2022
Phone Number: +573042073942

2

**Gómez-Pinzón**
DESDE 1992

Credits in Colombian pesos, since <u>the conversion to this currency would only be applicable for **payment** purposes</u>. To that extent, even in this scenario, the Credit Rating and Graduation Project would have to recognize the claims in U.S. dollars, without prejudice that at the time of payment the conversion to Colombian pesos is made at the legally applicable market representative rate.

10. Consequently, I hereby **<u>OBJECT</u>** to the Credit Rating and Graduation Project and REQUEST that the obligations included in favor of PENINSULA in said Project and listed in number 9 above be appraised in dollars of the United States of America (USD).

### III. LEGAL BASIS

1. According to Article 24, paragraph two of Law 1116 of 2006, "***The voting rights, <u>and only for such purposes</u>, shall be calculated at the rate of one vote for each peso*** *of the value of its certain claim, whether or not due, without including interest, fines, penalties or other items other than the principal, except those arising from a final administrative act, adding for their update the variation in the monthly consumer price index certified by the DANE, during the period between the maturity date of the obligation and the cut-off date of the credit rating and graduation. In the case of obligations paid in several installments or installments, they will be updated separately*" (emphasis added).

2. For its part, Article 25, paragraph 1 of the same Law establishes that "*The debtor's claims must be listed, specifying the names of the holders of the creditors and their place of notification, indicating **<u>the amount of the principal</u>** and the interest rates, expressed in effective annual terms, corresponding to all claims caused or originated prior to the date of the commencement of the proceeding*" (emphasis added).

3. These rules, considered as a whole, establish two main rules: (i) to determine the voting rights in the corporate reorganization process, **<u>and only for such purposes</u>**, all claims must be expressed in pesos and the rights must be assigned at the rate of one vote for each peso; (ii) for the inclusion of the obligations in the Credit Rating and Graduation Project, the amount of the principal due plus the applicable interest rates must be indicated, **<u>without establishing that such amount must be expressed in Colombian pesos.</u>**

4. By virtue of the foregoing, the determination of the possibility of stipulating (and subsequently paying) obligations in foreign currencies within the framework of the Credit and Voting Rights Rating and Grading Project must follow the general rules on money obligations -it is reiterated, with the exception of the particular issue of determination of voting rights, which has an express rule-.

5. In this regard, Article 874 of the Code of Commerce (C. de Co.) provides that "***<u>Unless otherwise stated</u>***, *the amounts stipulated in legal transactions shall be in Colombian legal currency. The national currency that has a liberatory power at the time of*

www.gomezpinzon.com    Calle 67 # 7-35 Of. 1204    Cra. 43A # 1- 50 Of. 209
                       Edificio Caracol            San Fernando Plaza
                       Bogotá, Colombia            Medellín, Colombia
                       Tel: +571 319 2900          Tel: +574 444 3815

3

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/22/2022
Phone Number: +573042073942

**Gómez-Pinzón**
DESDE 1992

*payment shall be deemed equivalent to the agreed currency, when such currency is not in circulation at the time of payment. **Obligations contracted in foreign currencies or currencies shall be covered in the stipulated currency or currency, if legally possible; otherwise, they shall be covered in Colombian national currency, in** accordance with the legal provisions in force at the time of payment*" (emphasis added).

6. In the same line, External Resolution No. 01 of 2018 of Banco de la República[1] establishes in its article 86 that *"**Obligations stipulated in foreign currency and corresponding to exchange operations, shall be paid in the stipulated currency** except for the exceptions established in this resolution. [...] Paragraph 1. For judicial purposes that require the settlement in Colombian legal currency of obligations agreed in foreign currency, which correspond to exchange operations, the exchange rate representative of the market on the date of payment shall be applied"* (emphasis added).

7. The Constitutional Court has affirmed the application of these rules and principles in corporate reorganization processes -even prior to the issuance of Law 1116 of 2006-, as follows:

> *"There are public policy rules that establish the exchange regime applicable to certain obligations. By virtue of the imperative nature of these rules, it is reasonable for the insolvency judge to demand their respect within the insolvency agreements, unless the creditor to whose obligations these rules apply waives such parameters of law.*
>
> *[...]*
>
> *[I]t is necessary to clarify that **the obligation of Carboandes with Noble corresponds to an exchange operation** and consequently, in the terms of Resolution 8 of 2000 of the Bank of the Republic, Article 79, paragraph 1, "for judicial effects that require the liquidation in Colombian legal currency of obligations agreed in foreign currency, which correspond to exchange operations, the representative market rate of the date of payment shall be applied". In effect, **the debt arises from the prepayment made by Noble to Carboandes under a purchase and sale of coal that can be classified as an advance payment for the export of goods. Therefore, it is reasonable to understand that since Noble did not waive the effects of such provision, it was not possible to restrict them by the will of the majority**. "*
>
> *Finally, it is necessary to specify that **although in the reorganization agreement it was approved to pay in pesos "as established by the Superintendence of Corporations in the credit graduation act", the Superintendence was very clear in stating that the conversion from dollars to pesos was "exclusively for quorum purposes".** To understand such statement, it is necessary to refer to article 129, numeral 4, of Law 222 of 1995 which states that,*

---

[1] Preceded in similar terms by External Resolution No. 08 of 2000.

www.gomezpinzon.com

Calle 67 # 7-35 Of. 1204
Edificio Caracol
Bogotá, Colombia
Tel: +571 319 2900

Cra. 43A # 1- 50 Of. 209
San Fernando Plaza
Medellín, Colombia
Tel: +574 444 3815

4

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/22/2022
Phone Number: +573042073942

*referring to the acceptance of credits, establishes that "once the previous stages have been completed, an agreement may be entered into between the debtor and one or more creditors representing at least 75% of the value of the recognized and admitted credits". For the determination of the percentage it is necessary to establish a single monetary unit, in this case pesos.* "[2]

8. These principles and rules have been accepted by the Superintendence of Corporations, which in Oficio 220-235624 indicated:

   "In the scenario of a reorganization proceeding, in **the case of obligations contracted in foreign currencies, in principle** the **creditors and the debtor company in reorganization must comply with the obligation in the stipulated currency, as agreed**. Therefore, any change in the performance of the original obligation must have the mutual consent of the parties, as set forth in the reorganization agreement, pursuant to Article 1602 of the Civil Code, in accordance with Article 822 of the Commercial Code.

   Certainly, if at the time the parties did not agree that the payment of the obligation contracted in foreign currency or foreign currency should be made in the same, it will be covered in Colombian legal currency, ("The national currency that has liberatory power at the time of making the payment..."), in the terms of article 874 of the Code of Commerce, in accordance with the provisions of Resolution 8 of 2000; otherwise, the consent in such sense between the parties will be required.

   **Therefore, the extinction of the obligation will depend on the negotiation agreement between debtor and creditor initially entered into, which will ultimately establish the form of extinction of the obligation, in accordance with the aforementioned.** "[3]

## IV.   TESTS

Based on Article 29 of Law 1116 of 2006, I request the Delegation to take as evidence the following documents, which can be found in the following link of One Drive: https://gpzlegal-my.sharepoint.com/:f:/g/personal/datashare_gomezpinzon_com/EqhQCOUCDFpGu4HXcwWW92_cBMMIBVIqueeO5REyp4aGGkg?e=mnvoP5.

1. Contract denominated "GUARANTEE" entered into between PENINSULA and CI INTERNATIONAL FUELS S.A.S. on October 26, 2020.

2. Invoice No. 10I176202 for an amount of USD$354,000.00, issued on June 22, 2021.

3. Invoice No. 10I175369 for a value of USD$164,500.00, issued on June 11, 2021.

---

[2] Constitutional Court. Decision T-441 of 2002. M.P. Marco Gerardo Monroy Cabra; reiterated in Decision C-527 of 2013. M.P. Jorge Iván Palacio Palacio.
[3] Superintendencia de Sociedades, Oficio 220-235624.

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/25/2022
Phone Number: +573042073942

**Gómez-Pinzón**
DESDE 1992

4. Invoice No. 10I176205 for a value of USD$344,000, issued on June 22, 2021.

5. Invoice No. 10I176204 for a value of USD$172,000, issued on June 22, 2021.

6. Invoice No. 10I176206 for an amount of USD$510,793.56, issued on June 22, 2021.

## V. ANNEXES

I attach hereto the documents listed below, which can be found at the following One Drive link: https://gpzlegal-my.sharepoint.com/:f:/g/personal/datashare_gomezpinzon_com/EgRkF7cFHCdBhBi_SOtE2nkBZwzSvtsgct6t_dvOhn7hsA?e=NcQ96S.

1. Special power of attorney granted by PENINSULA PETROLEUM LIMITED to the undersigned.

2. Certificate of incorporation of PENINSULA PETROLEUM LIMITED, with its respective official translation into Spanish.

3. The documentary evidence listed above.

## VI. NOTIFICATIONS

Both my principal and I received notifications at Calle 67 No. 7-35, Office 1204 and at the e-mail addresses daraque@gomezpinzon.com, sergiohernandez@gomezpinzon.com and jcdiaz@gomezpinzon.com.

Sincerely yours,

*[signature]*

**DAVID RICARDO ARAQUE QUIJANO**
Proxy of Peninsula Petroleum Limited
C.C. No. 80.038.372 of Bogota
T. P. No. 157.263 of the C. S. de la J.

www.gomezpinzon.com
Calle 67 # 7-35 Of. 1204
Edificio Caracol
Bogotá, Colombia
Tel: +571 319 2900

Cra. 43A # 1- 50 Of. 209
San Fernando Plaza
Medellín, Colombia
Tel: +574 444 3815

I, Sebastian Tello, hereby certify that I am fluent in English and Spanish, and that the attached document is an accurate translation made by me, to the best of my knowledge, of the present document.

/s/ Sebastian Tello
Signature of Translator
Date of signature: 12/22/2022
Phone Number: +573042073942