UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,
Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,
Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, Defendant, CI INTERNATIONAL FUELS LLC, by and through the undersigned counsel, pursuant to F.R.C.P. 12(b)(1), (3), and moves the Court for an Order dismissing Plaintiff, PENINSULA PETROLEUM LIMITED'S, case for lack of subject matter jurisdiction and in support thereof states:

**PRELIMINARY STATEMENT**

Plaintiff has invoked the jurisdiction this Court pursuant to 28 U.S.C. §1332 on the basis of diversity. The Court lacks subject matter jurisdiction over the instant dispute because all parties are foreign entities. The Plaintiff is an Irish corporation with its principal place of business in Dublin, Ireland and the Defendant is a citizen of Colombia. The Defendant is a citizen of Colombia because as a limited liability company, it is an unincorporated legal entity whose citizenship is based on the citizenship of its members. The two members of Defendant, CI INTERNATIONAL FUELS LLC, are both citizens of Colombia where they are domiciled. The law is firmly established that federal courts do not have diversity jurisdiction over cases where there are foreign

1

entities on both sides of the action, without the presence of citizens of a state on both sides. Thus, this case should be dismissed for lack of jurisdiction and amendment would be futile.

## I. RELEVANT FACTUAL BACKGROUND

1. At paragraph 2 of its Amended Complaint, Plaintiff admits that it is a foreign corporation with its principal place of business in Ireland.

2. Defendant, CI INTERNATIONAL FUELS LLC, is an unincorporated legal entity registered in Florida, whose citizenship is determined by that of its members.

3. Defendant has two members, Jaime Ochoa Munoz and Maria Mercedez Roa, with each holding a 50% membership interest. Mr. Ochoa has provided declarations [DE 26-2; DE 36-1] stating that both members reside in Colombia without any status or authorization to work in the United States. Composite Exhibit A.

4. Mr. Ochoa is a citizen of and domiciled in Colombia, where he was born and issued a passport. Exhibit B.

5. Ms. Roa is a citizen of and is domiciled in Colombia, where she was born and issued a passport. Exhibit C.

6. Mr. Ochoa and Ms. Roa were married in Colombia.

7. Mr. Ochoa and Ms. Roa's children were born in Colombia and are Colombian citizens that are domiciled in Colombia.

8. Defendant, CI International Fuels LLC, is an affiliate of CI International Fuels SAS; a legal entity registered in Colombia and operating from its principal place of business in Colombia.

9. Notwithstanding the fact that Mr. Ochoa and Ms. Roa jointly own real estate in Florida, neither Mr. Ochoa nor Ms. Roa resides in Florida and certainly are not domiciled in Florida.

10. An I-94 Customs and Border Protection account of entry into the United States shows that Mr. Ochoa spends a *de minimis* amount of time in Florida. See Exhibit A.

11. Mr. Ochoa, as sole manager of the Florida LLC, has declared that Defendant does not have any employees or other infrastructure or operations in Florida. See Exhibit A. [DE 36-3].

12. Plaintiff admits that the allegations regarding the members of CI International Fuels LLC, as set forth in Amended Complaint, are based upon "belief." [DE 36].

13. Plaintiff's Amended Complaint attached a Master Agreement (Exhibit 2), and a Pledge Agreement (Exhibit 3) as contracts forming the basis of the instant dispute. [DE 36-2,3]. Both the Master and Pledge Agreements have forum selection clauses designating those disputes arising therefrom are to be resolved in foreign countries. [DE 36-2,3].

14. A motion to dismiss and to enforce the forum selection clause is presently pending before the Court. [DE 52].

## II. STATEMENT OF LAW

**Invoking Federal Jurisdiction**

Federal courts have limited subject matter jurisdiction, and the party invoking jurisdiction has the burden to prove that it exists. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (per curium).  The law "is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). In the Eleventh Circuit, subject matter jurisdiction may be attacked factually or facially. *Scarfo v. Ginsberg,* 175 F.3d 957, 960 (11th Cir. 1999). Because a factual attack challenges jurisdiction "in fact, irrespective of the pleadings, and matters outside the

pleadings…, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12 (b)(6) does not attach, and the court is free to weigh evidence." *Id.* (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). "Where the court determines subject matter jurisdiction is lacking, it must dismiss the action." F.R.C.P. 12 (b)(3).

**No Jurisdiction Over Foreign Entities**

Where diversity jurisdiction is asserted pursuant to 28 U.S.C. §1332, "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly Clark Corp.,* 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit. Co.,* 883 F.2d 1553, 1558 (11th Cir. 1989); *McIntosh v. Royal Caribbean Cruises, Ltd.,* 5 F.4th 1309, 1313 (11th Cir. 2021) ("Alienage jurisdiction under 28 U.S.C. §1332 (a)(2) 'must be complete,' such that 'an alien on both sides of the dispute will defeat jurisdiction'…§1332 (a)(2) 'does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business.'" (quoting *Caron v. NCL (Bahamas) Ltd.,* 910 F.3d 1359, 1364 (11th Cir. 2018)). "For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC,* 178 F. Supp. 3d 1300, 1304 (11th Cir. 2016); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187 n.1 (1990); *Underwriters at Lloyds of London v. Osting-Schwinn,* 613 F.3d 1079, 1087-88 (11th Cir. 2010). Where the Defendant is a limited liability company, its citizenship is determined based on the citizenship of its members. *Rolling Green MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004).

**Test for the Determination of Domicile**

"For purposes of diversity jurisdiction, a natural person is a citizen of the state in which he or she is domiciled." *Bal Harbour Shops, LLC v. Saks Fifth Avenue LLC,* No. 1:20-cv-23504, 2022 WL 17733824, (S.D. Fla. Dec. 9, 2022); Travaglia *v. Am. Exp. Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013) ("[D]omicile requires both residence in a state and intention to remain there indefinitely[.]") "Residence alone is not enough." *Id.* A person can reside in one place but be domiciled in another. *Turner v. Penn. Lumberman's Mut. Fire Inc. Co.,* No. 3:07-cv-374, 2007 WL 3104930, at 3-4 (M.D. Fla. Oct. 22, 2007). "When assessing a person's domicile—specifically, his or her subjective intent to remain in a place—courts consider a series of non-exclusive, objective factors, including: the location of real estate and personal property, business ownership, employment records, bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and other similar indications." *Bal Harbour Shops, LLC v. Saks Fifth Avenue LLC,* No. 1:20-cv-23504 at 3. (see *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Courts also consider other objective factors, such as passport, place of birth, place of marriage, place of birth of a party's children, *inter alia. Bal Harbour Shops, LLC v. Saks Fifth Avenue LLC,* No. 1:20-cv-23504 at 4. Determinations of domicile are based on a "totality of the evidence" analysis and no single factor is determinative as to where a party's personal and professional life is centered. *Jones v. Law Firm of Hill & Ponton,* 14 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

**Futility of Amendment**

"Leave to amend is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Quan v. Sec'y, Dep't of*

5

*Veterans Affs.,* 423 F. App'x 808 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 200). Leave to amend should be denied where amendment is futile. *Wade v. Daniels,* 36 F.4th 318, 328 (11th Cir. 2022).

### III. ARGUMENT

Plaintiff has invoked the Court's jurisdiction on diversity grounds and bears the burden of proving the existence of diversity. Plaintiff, in its Amended Complaint, [DE 36], admits that it is a foreign corporation with its principal place of business in Ireland. The Defendant is a limited liability company whose citizenship is determined by that of its members. Defendant, CI International Fuels LLC, has two members—Jaime Ochoa and Maria Roa, who are both citizens of Colombia where they are domiciled. Here, Plaintiff seeks to invoke diversity jurisdiction on the premises that because the Defendant is a registered Florida limited liability company and its members jointly own real estate in Florida, that the members are residents of and are domiciled in Florida. That belief on the part of the Plaintiff is incorrect. Both Mr. Ochoa and Ms. Roa are citizens of Colombia and are domiciled in Colombia. Hence, there are only foreign entities on both sides of the action—which defeats jurisdiction.

Neither Mr. Ochoa nor Ms. Roa reside in Florida, and as such cannot be domiciled where they do not reside. Contrary to Plaintiff's assertions, neither member of CI International Fuels LLC has expressed any intent to remain in Florida indefinitely. The mere fact that the members own real estate in Florida is insufficient to establish domicile. Even if the members resided in Florida, and they do not, this would still be insufficient for diversity jurisdiction purposes because the members are domiciled in Colombia. The members have not expressed any intention to remain indefinitely in Florida and spend a de minimis amount of time in Florida. Colombia is the center of the members personal and professional lives.

Both Mr. Ochoa and Ms. Roa were born in Colombia and are citizens thereof, having passports issued from Colombia. Neither member holds a United States work authorization or any form of residency status. CI International Fuels LLC is an affiliate of CI International Fuels SAS which has its principal place of business and its nerve center in Colombia. In fact, the Florida LLC has no employees or other infrastructure in Florida and does not conduct business from Florida. Notwithstanding the fact that the members of the Florida LLC own real estate in Florida, they also own real estate in Colombia, along with the majority of their personal property, including but not limited their business—CI International Fuels SAS. The employment records of either member, along with the payment of their taxes are to be found in Colombia. Additionally, the members were married in Colombia and their children are Colombian nationals domiciled in Colombia. Thus, the totality of the evidence establishes that Colombia is the center of the members personal and professional lives.

Here, because there are only foreign entities on both sides of the action, the court lacks subject matter jurisdiction. Section 1332(a)(2) does not grant jurisdiction over a suit between a corporation, such as Plaintiff, incorporated in a foreign state and another alien, regardless of the corporation's principal place of business. Because the Defendant is a limited liability company, its citizenship is Colombia for the reason that both of its members are Colombian citizens who are domiciled therein. Moreover, Petitioner admits that it based its allegations of diversity on its own "reasonable belief" that the members were residents of Florida. Here, where Plaintiff's allegations are subject to factual attack, the Court is not constrained to accept the pleaded allegations as true. It is well within the Court's jurisdiction to weigh the evidence regarding the members' citizenship, with the burden on the Plaintiff to prove that diversity exists.

Plaintiff cannot demonstrate diversity jurisdiction where the Defendant is a citizen of Colombia and there are only foreign entities on both sides of the action. Given that there are only two members of CI International Fuels LLC, both of which are domiciled in Colombia, amendment would be futile. Amendment is futile because there are only two parties to this action and they are both foreign entities. Thus, diversity is defeated and the Court lacks subject matter jurisdiction over this cause of action. Therefore, Plaintiff's Amended Complaint must be dismissed pursuant to Rule 12 (b)(1) and leave to amend would be futile.

## CONCLUSION

Based on the foregoing points and authorities, Defendants respectfully request that the Court grant Defendants Motion to Dismiss for Lack of Subject Matter Jurisdiction without leave to amend and award Defendant attorney's fees for having to bring this motion.

Dated: March 13, 2023

Respectfully Submitted,

**SANCHEZ VADILLO, LLP**
*Counsel for Defendant*

11402 NW 41st Street
Suite 202
Miami, Florida 33178
(305) 436-1410
ldilican@svlawus.com

By: /s/ Lori Dilican
       Lori Dilican

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system on March 13, 2023, on all counsel of record.

/s/ Lori Dilican
Lori Dilican