**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,
Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,
Defendant.

_____/

**DEFENDANT'S OBJECTIONS TO SUBPOENAS NOTICED ON JUNE 13, 2023 AND**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH**

CI INTERNATIONAL FUELS LLC, ("CI"), by and through the undersigned counsel,

submits this objection and Motion to Quash Subpoenas Noticed for Service on June 13, 2023, by

Plaintiff, PENINSULA PETROLEUM LIMITED, ("Peninsula"), and respectfully states as

follows:

**RELEVANT FACTS**

1. On November 8, 2022, Peninsula filed its Verified Amended Complaint against CI.
   [DE: 38]. In its Amended Complaint, Peninsula raised three claims for relief: (1)
   Breach of Contract; (2) Enforcement of Security Interest Contained in the Pledge
   Agreement; and (3) Fraudulent Transfers.

2. On March 22, 2023, CI, in accordance with the Court's Order filed its Renewed Motion
   to Dismiss seeking to dismiss the Amended Complaint on lack of subject matter
   jurisdiction and forum non conveniens grounds and specifically addressing the issue of
   whether the New York Convention applies to the instant cause of action. [DE:69].

3. Peninsula filed its Response in Opposition on April 5, 2023. [DE: 70]. In its response, Peninsula reaffirmed its long-standing position that its cause of action is based on a "liquidated claim," and for this reason the Master Agreement's Arbitration Clause does not apply to the claims raised in its Amended Complaint. Thus, Peninsula admits that the Arbitration Clause does not apply and by extension that the New York Convention does not apply. In conformity with its arguments and admissions, Peninsula has never sought to enforce the Master Agreement's arbitration clause.

4. Peninsula has invoked the jurisdiction this Court pursuant to 28 U.S.C. §1332 on the basis of diversity. The Court lacks subject matter jurisdiction over the instant dispute because all parties are foreign entities. The Plaintiff is an Irish corporation with its principal place of business in Dublin, Ireland and the Defendant is a citizen of Colombia. The Defendant is a citizen of Colombia because as a limited liability company, it is an unincorporated legal entity whose citizenship is based on the citizenship of its members. The two members of Defendant, CI INTERNATIONAL FUELS LLC, are both citizens of Colombia where they are domiciled. The law is firmly established that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens. [DE; 69].

5. In its Response in Opposition, [DE:70], Peninsula argued that it should be entitled to jurisdictional discovery.

6. CI filed its Reply to Peninsula's Response in Opposition on April 12, 2023. [DE: 71]. The Court has yet to rule on CI's Renewed Motion to Dismiss, which remains pending before the Court.

7. On May 5, 2023, the Parties filed a Joint Motion to Extend the Time of Discovery until July 14, 2023. [DE: 72]. The Court reset the deadlines in this matter which provided Peninsula an opportunity to conduct jurisdictional discovery. [DE: 73].

8. On June 13, 2023, Peninsula served a Notice of Serving Subpoenas, along with copies of the subpoenas it intended to serve on counsel for CI, which are hereto attached as composite Ex. 1.

9. The First Subpoena is directed to Bank of America, seeking the following production on or before June 29, 2023 at 5:00 p.m., regarding CI's account:

   A. Signature cards;

   B. Account opening documents;

   C. Know-Your-Client documents;

   D. Account statements from January 1, 2018 through May 31, 2023;

   E. Any documents that would identify safe deposit boxes and contents;

   F. Deposit items;

   G. Cancelled checks- front and back;

   H. Withdrawal slips;

   I. Cashier's checks, guaranteed checks, and counter checks;

   J. Wire transfer details, including Fedwire, ACH, SWIFT, and others;

   K. Bank teller notes; and

   L. Loans, letters of credit, standby letters of credit, or trade finance.

10. The Second Subpoena was allegedly issued to Regions Bank and seeks the same information with the same timeline set forth above in paragraph Number 9. However, the subpoena request sensitive banking information related to the account of Alejandro

Ochoa, who is not a party to this litigation and whose identity is unknown to CI. Basically, the Second Subpoena requests extensive banking information about a non-party from a non-party.

11. The Third Subpoena, which again, seeks the exact same sensitive banking information for CI to be produced by 5:00 p.m. from Banco de Credito del Peru.

12. Pursuant to Peninsula's Notice of Intent to Serve Subpoena, which was served on counsel for CI, in the late afternoon on June 13, 2023, there would at best, be 15 days to respond, provided the subpoenas were properly served on the banking institutions on the following day, to wit: by June 14, 2023.

13. Given that CI is a party to Peninsula's cause of action, Peninsula should have requested this information under Rule 34 instead of seeking a Rule 45 subpoena. In doing so, Peninsula deprived the Defendant, CI, of having a full and fair 30 days to respond to and /or object to Peninsula's requested production where the discovery cutoff date is July 14, 2023.

14. Although requested by counsel for CI, no proof of service of the above referenced subpoenas that would show the amount of time allotted for production by the non-party banks has been provided. In Florida's Southern District, it is impermissible to circumvent discovery rules that apply to a party. *Suarez v Padron,* No. 18-23930, 2019 WL 13256088 *1(S.D. of Fla. March 25, 2019) citing *Manzo-Painelli v. United States Auto. Assoc.,* No. 15-61324, 2015 WL 12806618, at * 1 (S.D. Fla. November 3, 2015).

## **OBJECTIONS**

Here, the subpoenas should be quashed because: (1) the subpoenas circumvent the rules of discovery; (2) fail to provide a reasonable time to comply; and (3) is seeking disclosure

of extensive and sensitive financial information where the Court lack subject matter jurisdiction because the parties on both sides of the dispute are foreigners.

## LEGAL STANDARD

**No Jurisdiction Over Foreign Entities.**

Where diversity jurisdiction is asserted pursuant to 28 U.S.C. §1332, "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly Clark Corp.,* 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit. Co.,* 883 F.2d 1553, 1558 (11th Cir. 1989); *McIntosh v. Royal Caribbean Cruises, Ltd.,* 5 F.4th 1309, 1313 (11th Cir. 2021) ("Alienage jurisdiction under 28 U.S.C. §1332 (a)(2) 'must be complete,' such that 'an alien on both sides of the dispute will defeat jurisdiction'…§1332 (a)(2) 'does not grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business.'"  (quoting *Caron v. NCL (Bahamas) Ltd.,* 910 F.3d 1359, 1364 (11th Cir. 2018)). "For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC,* 178 F. Supp. 3d 1300, 1304 (11th Cir. 2016); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187 n.1 (1990); *Underwriters at Lloyds of London v. Osting-Schwinn,* 613 F.3d 1079, 1087-88 (11th Cir. 2010). Where the Defendant is a limited liability company, its citizenship is determined based on the citizenship of its members. *Rolling Green MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004).

**It is Impermissible to Use a Rule 45 Subpoena to Circumvent Rule 34 for Party Production.**

Rule 34 of the FRCP governs the production of documents by parties to an action, where Rule 34 provides 30 days for a party to respond. Fed. R. of Civ. P. 34 (a)(b)(2) (A). *Suarez v Padron,* No. 18-23930, 2019 WL 13256088 *1(S.D. of Fla. March 25, 2019) citing *Manzo-Painelli v. United States Auto. Assoc.,* No. 15-61324, 2015 WL 12806618, at * 1 (S.D. Fla. November 3, 2015). "[A] subpoena may not be used to circumvent or do an 'end-run' around the discovery rules that apply to a party." *Id.* (quoting *Hatcher v. Precoat Metals,* 271. F.R.D. 674, 675 (N.D. Ala. 2010) (quashing subpoena of plaintiff who proceeded under Rule 45 when the plaintiff could have previously obtained the documents under Rule 34). It is inappropriate to use a subpoena to circumvent discovery deadlines. *Antech Diagonstics, Inc. v. Posner,* No. 17-80185, 2017 WL 6948590 (S.D. Fla. November 14, 2017). An individual "that has a personal right or privilege with respect to the materials subpoenaed" has standing to challenge a non-party subpoena. *Lauderhill Mall Investments, LLC v. Arch Specialty Insurance Company,* No. 14-21003, 2014 WL 11906637 at * 1 (S.D. Fla. July 29, 2014). Under rule 45 (d)(3)(A)(1), a subpoena may be quashed when a reasonable time to comply with a subpoena has not been provided. *Dika-Homewood, LLC v. Office MX, INC.,* NO. 22-80766, 2022 WL 3682214. AT *1 (S.D. FLA. JUNE 16, 2022); *Antech Diagonstics, Inc. v. Posner,* No. 17-80185, 2017 WL 6948590 (S.D. Fla. November 14, 2017); *Noel-Wagstaffe v. Metro Cas. Ins. Co.,* No. 17-61039, at *1-2 (S.D. Fla. Dec. 17, 2017).

## **ARGUMENT**

Peninsula's subpoenas to Regions Bank, Bank of America and Banco de Credito del Peru should be quashed. Peninsula seeks documents under Rule 45 that are otherwise discoverable from a party under Rule 34. CI, as a party to the action, has standing to seek to quash Peninsula's subpoenas because Peninsula has impermissibly circumvented Rule 34's discovery provisions for

parties and thereby deprived CI of its rightful 30 days to respond to the production requested from the non-party banking institutions. F. R. Civ. P. 34. Especially here, where the Court lacks subject jurisdiction over the action because there are foreign entities on both sides of the dispute. Moreover, the discovery deadline is set to expire on July 14, 2023, a mere one day after the CI's response to Peninsula's request would have been due. But most importantly, CI's pending Renewed Motion to Dismiss on premised on lack of subject matter jurisdiction and forum non-conveniens grounds, would be subject to a Notice of 90-Days Expiring on July 12, 2023, two days prior to the expiration of the discovery deadline.

Under the law of this district, the Court lacks subject matter jurisdiction where, as here, there are foreign entities on both sides of the dispute. *Iraola & CIA, S.A. v. Kimberly Clark Corp.,* 232 F.3d 854, 860 (11th Cir. 2000) (citing *Cabalceta v. Standard Fruit. Co.,* 883 F.2d 1553, 1558 (11th Cir. 1989); *McIntosh v. Royal Caribbean Cruises, Ltd.,* 5 F.4th 1309, 1313 (11th Cir. 2021); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC,* 178 F. Supp. 3d 1300, 1304 (11th Cir. 2016); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187 n.1 (1990); *Underwriters at Lloyds of London v. Osting-Schwinn,* 613 F.3d 1079, 1087-88 (11th Cir. 2010). It would be unfair to permit Peninsula to obtain extensive and sensitive financial information under the federal rules where the Court lacks jurisdiction over the action. Especially here, where Peninsula is seeking an end-run around Rule 34 by way of a Rule 45 subpoena served on a non-party. *Manzo-Painelli v. United States Auto. Assoc.,* No. 15-61324, 2015 WL 12806618, at * 1 (S.D. Fla. November 3, 2015) (quoting *Hatcher v. Precoat Metals,* 271 F.R.D. 674, 675 (N.D. Ala. 2010) (quashing subpoena of plaintiff who proceeded under Rule 45 when the plaintiff could have previously obtained the documents under Rule 34). Thus, Peninsula's subpoenas "cannot function to circumvent other discovery rules

that apply to a party. *Id; see also Tara Prod., Inc. v. Hollywood Gadgets, Inc.* No. 09-61436, 2014 WL 1047411, at * 3 (S.D. Fla. March 18, 2014).

A court may quash a subpoena that does not provide a reasonable amount of time for compliance pursuant to Rule 45 (c)(3). *Suarez v Padron,* No. 18-23930, 2019 WL 13256088 *2 (S.D. of Fla. March 25, 2019). Notwithstanding the fact that Rule 45 does not expressly state what constitutes "a reasonable time to comply," it has been determined in this district that 14 days is a reasonable time to comply. *Id.* (citing *Lauderhill Mall Investments, LLC v. Arch Specialty Insurance Company,* No. 14-21003, 2014 WL 11906637 at * 1 (S.D. Fla. July 29, 2014). Here, Notice of Intent to serve subpoenas was provided to CI's counsel in the late afternoon of June 13, 2023. The Subpoenas to the banks state that production is due by 5:00 p.m. on June 29, 2023. Thus, the subpoenas demand compliance in 15 days and no proof of service has been provided which would establish that a reasonable time for compliance exists. Even if Peninsula can establish that a reasonable time to comply has been provided, it still cannot avoid having the subpoenas quashed due its impermissible end-run around Rule 34 party discovery. But most fundamentally, should this Court determine that its lacks subject matter jurisdiction, it would be unjust to permit Peninsula to obtain financial discovery where its action is subject to dismissal. In particular under the facts of this action where the Guarantor of the Pledge Agreement is CI International SAS, which is entitled to legal protections pursuant to its Colombian reorganization proceedings, in which Peninsula is actively participating and represented by counsel. For this reason, it is difficult to suppress the notion that Peninsula improper brings its action in this district for the benefit of its position in the reorganization proceedings presently pending before the Colombian Superintendency of Societies.

## CONCLUSION

Based on the foregoing arguments and authorities, the Court should quash the Subpoenas directed to Banco de Credito del Peru, Bank of America and Regions Bank that are the subject of the June 13, 2023, Notice of Intent to Serve Subpoena. Alternatively, CI International Fuels LLC, respectfully requests that at a minimum, the Court issue a protective order precluding Peninsula from obtaining the impermissibly sought discovery. CI would also request that on the basis of the Plaintiff's inequitable conduct and pursuant to the Rules of Discovery, that CI be awarded attorney's fees for having to bring this Motion to Quash or any other relief this Court deems just.

Dated: June 28, 2023

Respectfully Submitted,

By: /s/ Lori Dilican          `
     Lori Dilican, Esq.

**SANCHEZ VADILLO, LLP**
*Counsel for Defendant*

3105 NW 107th Avenue
Suite 104
Miami, Florida 33178
(305) 436-1410
ldilican@svlawus.com

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in this motion via email and/or telephone on June 27, 2023. Counsel for the parties were unable to reach an agreement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system on June 28, 2023, on all counsel of record.

/s/  Lori Dilican
Lori Dilican, Esq.

**COMPOSITE EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PENINSULA PETROLEUM LIMITED,

                               Plaintiff,

- against -

CI INTERNATIONAL FUELS LLC,

                               Defendant.

Case No.: 22-cv-20712

<u>NOTICE OF SUBPOENA</u>

TO:    **Lori Dilican, Esq.**
        Sanchez Vadillo LLP
        11402 NW 41st Street
        Suite 202
        Doral, Florida 33178
        Phone: (305) 436-1410
        Email: ldilican@svlawus.com

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Peninsula Petroleum Limited intends to serve a Subpoena, in the form attached hereto, on on June 13, 2023, or as soon thereafter as service may be effectuated.

Dated:  June 13, 2023

Respectfully submitted,

By:    /s/ Evan S. Gutwein

HAMILTON, MILLER, & BIRTHISEL LLP
Jerry D. Hamilton (FBN 970700)
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein (FBN 58741)
egutwein@hamiltonmillerlaw.com
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
(305) 379-3686 (telephone)
(305) 279-3690 (facsimile)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2023 I served this document via email on the parties

listed in the service list below.

By: ___*Evan S. Gutwein*___

| SANCHEZ VADILLO, LLP<br>Lori Dilican<br>ldilican@svlawus.com<br>11402 NW 41st St, Suite 202<br>Doral, Florida 44178<br>(305) 436-1410 (telephone)<br>(305) 436-0191 (facsimile)<br>*Attorneys for Defendant* | HAMILTON, MILLER, & BIRTHISEL LLP<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br><br>and<br><br>ZEILER FLOYD ZADKOVICH (US) LLP<br>Luke Zadkovich, Esq.<br>Luke.zadkovich@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>Joseph Johnson, Esq.<br>joe.johnson@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>215 Park Avenue, 11th Floor<br>New York, NY 100003<br>(917) 375-9511<br><br>*Attorneys for Plaintiff* |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PENINSULA PETROLEUM LIMITED | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 22-CV-20712 |
| CI INTERNATIONAL FUELS LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BANCO DE CREDITO DEL PERU
121 Alhambra Plaza, Suite 1200 Coral Gables, FL 33134

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: Hamilton Miller & Birthisel, LLP<br>150 S.E. Second Avenue<br>Suite 1200 Miami, Florida 33131 | Date and Time:<br><br>06/29/2023 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2023

_CLERK OF COURT_

OR

_____          /s/ Evan S. Gutwein, Esq.
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PENINSULA PETROLEUM LIMITED                                    , who issues or requests this subpoena, are:
Hamilton, Miller, & Birthisel, LLP - Attorney Evan S. Gutwein, 150 S.E. Second Avenue, Suite 1200, Miami,  Florida
33131 Phone: 305-379-3686   Email: egutwein@hamiltonmillerlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-CV-20712

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A – SUBPOENA TO BANCO de CREDITO DEL PERU**

**PLEASE PRODUCE FORTHWITH TO:**

Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131

Phone: 305-379-3686
E-Mail: jflorin@hamiltonmillerlaw.com

**RE**: *PENINSULA PETROLEUM LIMITED v CI INTERNATIONAL FUELS LLC*
**Case No.: 22-CV-20712**

All of the following documents or records for any accounts held individually or jointly, by, or in the names of CI INTERNATIONAL FUELS LLC from the period of January 1, 2018 through May 31, 2023, including but not limited to checking account # ending 6496.

**A.** Consisting or concerning signature cards;
**B.** Consisting or concerning account opening documents;
**C.** Consisting or concerning know-your customer (KYC) documents;
**D.** Consisting or concerning account statements;
**E.** Consisting or concerning documents sufficient to identify any safe deposit boxes and contents;
**F.** Consisting or concerning deposit items;
**G.** Consisting or concerning canceled checks (front and back)
**H.** Consisting or concerning withdrawal slips;
**I.** Consisting or concerning cashier's checks, guaranteed checks, and counter checks;
**J.** Consisting or concerning wire transfer details (including but not limited to Fedwire, ACH, SWIFT, and other wire transfers;
**K.** Consisting or concerning bank teller notes;
**L.** Consisting or concerning loans, letters of credit, standby letters of credit, or trade finance.

YOU ARE COMMANDED to produce the above-listed documents via electronic means in PDF and/or CVS format to the following email addresses: egutwein@hamiltonmillerlaw.com , jflorin@hamiltonmillerlaw.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

PENINSULA PETROLEUM LIMITED,

                    Plaintiff,

      - against -

CI INTERNATIONAL FUELS LLC,

                 Defendant.

Case No.: 22-cv-20712

**DECLARATION TO CERTIFY BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, state as follows:

      1.     I am over 18 years of age, of sound mind, and otherwise competent to make this Certification. The evidence set out in this Certification is based on my personal knowledge.

      2.     I am employed by _____.

      3.     My official title is_____

      4.     I am familiar with the type of documents and records received, created, and relied upon by _____ in the ordinary course of its business.

      5.     The attached records were made at or near the time of the events set forth therein by people with knowledge of those matters.

      6.     It was the regular practice of the business activity to make the enclosed records.

      7.     The records were kept in the regular course of business activity.

8.      I certify under penalty of perjury that the foregoing is true and correct.


_____                    _____
            Signature                                                              Date

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▢▾

| | |
|---|---|
| PENINSULA PETROLEUM LIMITED | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2022-cv-20712 |
| CI INTERNATIONAL FUELS LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BANK OF AMERICA, N.A.
9190 Biscayne Blvd.
Miami Shores, FL 33138
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: Hamilton, Miller & Birthisel, LLP 150 S.E. Second Avenue, Suite 1200 Miami, Florida 33131 | Date and Time: 06/29/2023 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2023

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Evan S. Gutwein, Esq. |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PENINSULA PETROLEUM LIMITED _____, who issues or requests this subpoena, are:
Hamilton, Miller, & Birthisel, LLP - Attorney Evan S. Gutwein, 150 S.E. Second Avenue, Suite 1200, Miami, Florida 33131
Phone: 305-379-3686, Email: egutwein@hamiltonmillerlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2022-cv-20712

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### APPENDIX A – SUBPOENA TO BANK OF AMERICA

**PLEASE PRODUCE FORTHWITH TO:**

Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131

Phone: 305-379-3686
E-Mail: egutwein@hamiltonmillerlaw.com        jflorin@hamiltonmillerlaw.com

**RE**: *PENINSULA PETROLEUM LIMITED v CI INTERNATIONAL FUELS LLC*
        **Case No.: 22-CV-20712**

All of the following documents or records for any accounts held individually or jointly, by, or in the names of CI INTERNATIONAL FUELS LLC, from the period of January 1, 2018 through May 31, 2023, including but not limited to checking account # ending 7779, checking account # ending 0932, checking account # ending 7387, and savings account # ending 8357:

**A.** Consisting or concerning signature cards;
**B.** Consisting or concerning account opening documents;
**C.** Consisting or concerning know-your customer (KYC) documents;
**D.** Consisting or concerning account statements;
**E.** Consisting or concerning documents sufficient to identify any safe deposit boxes and contents;
**F.** Consisting or concerning deposit items;
**G.** Consisting or concerning canceled checks (front and back)
**H.** Consisting or concerning withdrawal slips;
**I.** Consisting or concerning cashier's checks, guaranteed checks, and counter checks;
**J.** Consisting or concerning wire transfer details (including but not limited to Fedwire, ACH, SWIFT, and other wire transfers;
**K.** Consisting or concerning bank teller notes;
**L.** Consisting or concerning loans, letters of credit, standby letters of credit, or trade finance.

YOU ARE COMMANDED to produce the above-listed documents via electronic means in PDF and/or CVS format to the following email addresses: egutwein@hamiltonmillerlaw.com , jflorin@hamiltonmillerlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PENINSULA PETROLEUM LIMITED,

                Plaintiff,

     - against -

CI INTERNATIONAL FUELS LLC,

              Defendant.

Case No.: 22-cv-20712

**DECLARATION TO CERTIFY BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, state as follows:

     1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Certification. The evidence set out in this Certification is based on my personal knowledge.

     2.    I am employed by _____.

     3.    My official title is_____

     4.    I am familiar with the type of documents and records received, created, and relied upon by _____ in the ordinary course of its business.

     5.    The attached records were made at or near the time of the events set forth therein by people with knowledge of those matters.

     6.    It was the regular practice of the business activity to make the enclosed records.

     7.    The records were kept in the regular course of business activity.

8.      I certify under penalty of perjury that the foregoing is true and correct.


_____                    _____
                     Signature                                                                                      Date

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| PENINSULA PETROLEUM LIMITED | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 22-CV-20712 |
| CI INTERNATIONAL FUELS LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
REGIONS BANK
901 S Miami Ave #210, Miami, FL 33130

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: Hamilton Miller & Birthisel, LLP<br>150 S.E. Second Avenue<br>Suite 1200 Miami, Florida 33131 | Date and Time:<br><br>06/29/2023 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2023

| _CLERK OF COURT_ | OR | /s/ Evan S. Gutwein, Esq. |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

PENINSULA PETROLEUM LIMITED _____, who issues or requests this subpoena, are:
Hamilton, Miller, & Birthisel, LLP - Attorney Evan S. Gutwein, 150 S.E. Second Avenue, Suite 1200, Miami,  Florida 33131 Phone: 305-379-3686   Email: egutwein@hamiltonmillerlaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-CV-20712

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A – SUBPOENA TO REGIONS BANK**

**PLEASE PRODUCE FORTHWITH TO:**

Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131

Phone: 305-379-3686
E-Mail: egutwein@hamiltonmillerlaw.com        jflorin@hamiltonmillerlaw.com

**RE**: *PENINSULA PETROLEUM LIMITED v CI INTERNATIONAL FUELS LLC*
   **Case No.: 22-CV-20712**

All of the following documents or records for any accounts held individually or jointly, by, or in the name of **Alejandro Ochoa, SSN: 592-48-xxxx, DOB:11/20/1979**, from the period of January 1, 2018 through May 31, 2023, including but not limited to checking account # ending 7315, and checking account # ending 9090.

   **A.** Consisting or concerning signature cards;
   **B.** Consisting or concerning account opening documents;
   **C.** Consisting or concerning know-your customer (KYC) documents;
   **D.** Consisting or concerning account statements;
   **E.** Consisting or concerning documents sufficient to identify any safe deposit boxes and contents;
   **F.** Consisting or concerning deposit items;
   **G.** Consisting or concerning canceled checks (front and back)
   **H.** Consisting or concerning withdrawal slips;
   **I.** Consisting or concerning cashier's checks, guaranteed checks, and counter checks;
   **J.** Consisting or concerning wire transfer details (including but not limited to Fedwire, ACH, SWIFT, and other wire transfers;
   **K.** Consisting or concerning bank teller notes;
   **L.** Consisting or concerning loans, letters of credit, standby letters of credit, or trade finance.

   YOU ARE COMMANDED to produce the above-listed documents via electronic means in PDF and/or CVS format to the following email addresses: egutwein@hamiltonmillerlaw.com, jflorin@hamiltonmillerlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PENINSULA PETROLEUM LIMITED,

                            Plaintiff,

- against -

CI INTERNATIONAL FUELS LLC,

                            Defendant.

Case No.: 22-cv-20712

**DECLARATION TO CERTIFY BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, state as follows:

       1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Certification. The evidence set out in this Certification is based on my personal knowledge.

       2.    I am employed by _____.

       3.    My official title is_____

       4.    I am familiar with the type of documents and records received, created, and relied upon by _____ in the ordinary course of its business.

       5.    The attached records were made at or near the time of the events set forth therein by people with knowledge of those matters.

       6.    It was the regular practice of the business activity to make the enclosed records.

       7.    The records were kept in the regular course of business activity.

8.      I certify under penalty of perjury that the foregoing is true and correct.


_____                    _____
              Signature                                              Date