

NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

BY EMAIL

Lori Dilican
Sanchez Vadillo LLP
11402 NW 41st St
Suite 202
Doral, FL 33178
ldilican@svlawus.com

**Joe Johnson**
Partner | Attorney at Law
joe.johnson@zeilerfloydzad.com
mobile: +1 917 375 9511

June 26, 2023
Case No. US00324

**RE:** Peninsula Petroleum Limited v. CI International Fuels, LLC

S.D. Fla. Case No. 22-CV-20712-RKA

Deficiencies in Defendant's Responses to Plaintiff's Request for Production & Defendant's Second Request for Production

Dear Ms. Dilican,

We are counsel for Plaintiff Peninsula Petroleum Limited ("Peninsula") in the above referenced action. We write in connection with Defendant's Responses to Plaintiff's Request for Production and Defendant's Responses to Plaintiff's Second Request for Production dated June 2, 2023.

We note that, in several instances, you reserved CI Fuels' right to supplement responses if additional information became available. We ask that any additional Documents and Communications be turned over promptly should they be identified.

Further, we find Defendant's responses to be deficient or otherwise insufficient/incomplete in the following ways:

I. **DEFENDANT, CI INTERNATIONAL FUELS, LLC, RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

**Request No. 7:** All Documents and Communications relating to all residences of each of CI Fuels' current or former members from January 1, 2018 to present, including, but not limited to lease,

**Zeiler Floyd Zadkovich (US) LLP**
33 East 33rd St. (9th Floor, Suite 905), New York, NY 10016 USA

Zeiler Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America.  Zeiler Floyd Zadkovich (US) LLP is a member firm of Zeiler Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms.
The Swiss Verein does not provide any legal services.

**ONE GLOBAL TEAM.**
FOCUSED ON WHAT YOU DO.

**zeilerfloydzad.com**



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

occupancy, or rental agreement(s); real estate ownership and tax records related to same; and utility bills with respect to the same.

**Response:** No such documents exist and/or are in the possession of Defendant. Documents regarding the condominium located at Harbor Island Dr. have already been produced and/or are in possession of Plaintiff.

**Comment:** We object to the response as being incomplete. Based on the documents provided, there are at least four locations that would necessarily have documentation associated with them related to Mr. Ochoa, Ms. Roa, or CI Fuels: (i) 7900 Harbor Island Drive; (ii) 5201 Blue Lagoon Drive, 8 Floor, Miami, FL 33126; (iii) Calle 77B No. 59-61 Off 1101 Barranquilla – Colombia; and (iv) Cra 59 # 79-188, Barranquilla, Colombia. We therefore ask that you amend your response and produce the relevant Documents and Communications.

**Request No. 8:** All Documents and Communications sufficient to identify and locate all real property owned by any current or former member of CI Fuels including, but not limited to, the date each parcel was purchased, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Response:** See response to request no. 7 above.

**Comment:** See Comment to No. 7 above. We ask that you amend your response and produce the relevant Documents and Communications.

**Request No. 9:** All Documents and Communications sufficient to identify and locate all real property leased by any current or former member of CI Fuels including, but not limited to, the dates during which each parcel was leased, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Response:** Available documents responsive to request No. 9 have already been produced and/or are in possession of the Plaintiff.

**Comment:** We object to this response as being incomplete. The documents produced (CI MD – 000001 through 000351) do not identify any of the information sought in Request No. 9, nor is there a single lease. As previously identified, there are at least four parcels of real property that should have documentation associated with them related to Mr. Ochoa, Ms. Roa, or CI Fuels. We therefore ask that you amend your response and produce the relevant Documents and Communications.

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com



**Request No. 10:** All Documents and Communications sufficient to identify and locate all real property otherwise occupied by any current or former member of CI Fuels including, but not limited to, the dates each parcel was occupied, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Response:** Documents responsive to request No. 10 are not in the care, custody or possession of Defendant's members. Defendant reserves the right to supplement production if additional documents become available.

**Comment:** We do not understand this response. To the extent it seeks to distinguish between Defendant CI International Fuels LLC and its members, it is nonsensical. Defendant raised the issue of diversity jurisdiction and, as such, has brought into question the real property owned, leased or occupied by Ms. Roa and Mr. Ochoa, whether individually **or** in their capacities as members of the LLC. We therefore ask that you amend your response and produce the relevant Documents and Communications that are necessarily in their possession.

**Request No. 11:** Documents sufficient to identify all vehicles owned, leased, or otherwise utilized by all current or former members of CI Fuels since January 1, 2018.

**Response:** No such documents exist or are in the possession of Defendant because CI Fuels does not own, lease or otherwise provide its members with vehicles.

**Comment:** We object to this response as being inaccurate and incomplete. It is inaccurate in the sense that, as clearly seen in Defendant's year-end balance sheets (e.g., CI MD – 000028, 000030, 000032), depreciation schedule attached to its Florida state tax returns (e.g., CI MD – 000065 through 000068, 000099 through 000102) and its US federal tax return (e.g., CI MD – 000083), Defendant (whether now or during the tax years 2020, 2021, and 2022) owned vehicles. And it is incomplete in the sense that it Defendant does not provide documents identifying those vehicles owned, leased, or otherwise utilized by current or former members of CI Fuels outside of their affiliation with CI Fuels. As previously discussed, Defendant raised the issue of diversity jurisdiction and, as such, has brought into question the location of personal property (such as vehicles) owned by Ms. Roa and Mr. Ochoa, whether individually **or** in their capacities as members of the LLC. We therefore ask that you amend your response and produce the relevant Documents and Communications that are necessarily in the possession of Ms. Roa and Mr. Ochoa.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 12:** All Documents and Communications sufficient to identify all United States business interests of CI Fuels' current or former members, past or present.

**Response:** Documents responsive to request No. 12 have been produced or are already of (*sic*) the possession of the Plaintiff, otherwise such documents are not in the care, custody or possession of the Defendant. Defendant reserves the right to supplement this response if additional information becomes available.

**Comment:** We object to this response as being incomplete. At minimum, the documents produced by Defendant thus far lead us to believe that at least one of Defendant's members, Mr. Ochoa, has an affiliation with another entity known as "Criadero Luxo." We therefore ask that you amend your response and produce the relevant Documents and Communications that are necessarily in the possession of Defendant regarding any and all business interests of Mr. Ochoa, Ms. Roa, and any other current or former member of CI Fuels including, but not limited to, Criadero Luxo.

**Request No. 13:** All driver's licenses of each of CI Fuels' current or former members issued in all jurisdictions.

**Response:** Responsive documents within the Defendant's possession, custody and control are being produced.

**Comment:** We object to this response as being potentially inaccurate and incomplete. If CI Fuels owns a vehicle or multiple vehicles that it lists on its balance sheet and tax returns and that its members Mr. Ochoa and Ms. Roa utilize when in the United States, then they would be required to have driver's licenses in order to do so. We therefore ask that you amend your response and produce copies of their driver's licenses or, if they do not have any, provide indication for how they are able to legally drive when operating the vehicles owned by CI Fuels.

**Request No. 15:** All federal, state, and local tax returns of each of CI Fuels' current or former members filed in all jurisdictions whatsoever for each of the last five (5) years.

**Response:** Responsive documents within the Defendant's possession, custody and control are being produced.

**Comment:** We object to this response as being incomplete. Neither the 2018 nor 2019 United States federal or Florida state returns were produced. <u>None of Mr. Ochoa nor Ms. Roa's Colombian returns were produced</u>. We therefore ask that you amend your response and produce copies of the 2018 and 2019 United States federal and Florida state returns, along with the Colombian returns of Mr. Ochoa and Ms. Roa for each of the years 2018, 2019, 2020, 2021, and 2022.

**ONE GLOBAL TEAM.**
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 18:** Documents evidencing all checking, savings, money market, brokerage, investment, or other accounts in the United States from January 1, 2018, through present, in the name of CI Fuels or CI Fuels' former or current members (past or present) including, but not limited to, monthly account statements.

**Response:** Responsive documents within the Defendant's possession, custody and control are being produced.

**Comment:** We object to this response as being incomplete. The account statements from Banco del Credito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) only include information from the first five months of 2021. Moreover, there was not a single monthly account statement provided in the documents produced by CI Fuels for accounts owned by any of CI Fuels' members, individually. To the extent CI Fuels claims that monthly account statements of Mr. Ochoa or Ms. Roa's accounts are not in its possession, custody and control, this argument is disingenuous. Plaintiff is entitled to the accounts of Ms. Roa and Mr. Ochoa, whether individually **or** in their capacities as members of the LLC. Defendant has brought into question the extent to which they do their banking in the United States. We therefore ask that you amend your response and produce copies of monthly statements of any and all US accounts from January 1, 2018 through present of CI Fuels, Mr. Ochoa, or Ms. Roa.

**Request No. 23:** All Documents and Communications evidencing the voting registration of each of CI Fuels' members in all jurisdictions including, but not limited to, when each member voted, When (if any) each member utilized an absentee ballot, and the precinct and registering agency of each member.

**Response:** Documents and communications responsive to Request No. 23 that are in the care, custody or possession of the Defendant have already or are being produced.

**Comment:** We object to this response as being incomplete. We could not find a single document in what was produced that related to the voting records of Mr. Ochoa or Mr. Roa. We therefore ask that you amend your response and either produce copies of the requested Documents and Communications, or indicate where they can be found in what was produced.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 24:** All Documents and Communications sufficient to establish the location of all health care professionals seen by each of CI Fuels' members from January 1, 2018 to present.

**Response:** OBJECTION. Under Florida Law, healthcare and medical records are privileged and are confidential information.

**Comment:** We object to this response as being incomplete. This request merely asks for the ***location*** of the health are professionals seen by each of CI Fuels' members and does not seek the production of any sensitive medical records information that may be confidential or privileged. By raising the diversity jurisdiction issue, Defendant has brought into question the domicile of each of its members and applicable case law from this district provides that medical records can be used to determine one's domicile. *See Smyth v. Hillstone Rest. Group, Inc.*, *2*013 WL 2048188, at *2 (S.D. Fla. May 14, 2013). We therefore ask that you amend your response and produce Documents and Communications sufficient to establish the location of all health care professionals seen by Mr. Ochoa and Ms. Roa from January 1, 2018 through present.

**Request No. 26:** All Documents and Communications sufficient to establish both the employment history or independent contractor status of each of CI Fuels' members from January 1, 2018 to present.

**Response:** Plaintiff has been doing business for approximately 15 years and as such, are already in possession of a voluminous amount of documents and/or communications which will show Mr. Ochoa's employment history for the last 5 years. Needlessly reproducing documents and/or communications already in the possession of the Plaintiff would be unduly burdensome and expensive. Notwithstanding the foregoing, documents responsive to request NO. 26 are being produced.

**Comment:** We object to this response as being incomplete. The documents produced provide no information regarding Ms. Roa or Mr. Ochoa's employment history. The length of time Peninsula has been doing business is immaterial to this request. Employment records may be used to determine one's domicile. *See Smyth*, *2*013 WL 2048188, at *2. Mr. Ochoa and Ms. Roa's domicile are of critical importance to diversity jurisdiction. We therefore ask that you amend your response and produce Documents and Communications sufficient to establish the employment history of Ms. Roa and Mr. Ochoa from January 1, 2018 through present.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 27:** All Documents and Communications relating to all residences of Sandra Ochoa, who worked as an accounting assistant for CI International, from January 1, 2018 to present, including but not limited to lease, occupancy, or rental agreement(s); real estate ownership and tax records related to same; and utility bills with respect to the same.

**Response:** Request No.27 seeks production from a third party who is not a party to this instant litigation. Documents responsive to request No. 27 are not in the possession of Defendant.

**Comment:** We object to this response as being incomplete. At minimum, CI Fuels' payroll records would identify Sandra Ochoa's residence during the time in which she was employed by CI Fuels. We therefore ask that you amend your response and produce Documents and Communications responsive to the request.

**Request No. 28:** Copies of all utility statements in the name of CI Fuels or any of its members, past or present, from January 1, 2018 to the present, including, but not limited to, electricity, gas, water, sewer, internet, telephone, cable TV, security system, and trash collection.

**Response:** No such documents are in the possession of Defendant. Defendant reserves its right to supplement its response should such documents become available.

**Comment:** We object to this response as being incomplete and, to the extent Defendant attempts to claim that CI Fuels does not have possession of Documents that are in the possession of its members, disingenuous. Utility bills can be used to determine one's domicile. *See Smyth*, *2*013 WL 2048188, at *2. Defendant has raised the diversity jurisdiction issue and, as such, has created this situation whereby its member's domicile is of central focus for purpose of this litigation. We therefore ask that you amend your response and produce Documents and Communications responsive to this request.

    II.    <u>**DEFENDANT, CI INTERNATIONAL FUELS, LLC, RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**</u>

**Request No. 1:** All internal Communications at or within CI Fuels or with CI International Fuels SAS concerning Peninsula during the dates and times described in the Amended Verified Complaint (Dkt. 38), including, but not limited to, (a) all Communications between Jaime Ochoa and Natalia Garcia Vitta, (b) all Communications relating to or discussing in any way the invoices that are the subject of the Amended Verified Complaint (namely, Invoice Nos. 10I175369, 10I176202, 10I176205, 10I176204, and 10I176206 issued by Peninsula to CI Fuels in or around June 2021) and any payment thereof, and (c) the listing of Peninsula as a secured creditor in the reorganization process of CI International Fuels SAS.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Response:** Plaintiff is seeking production from a third party who is not a party to this litigation. Plaintiff seeks archived electronically stored information that would be unduly burdensome and/or expensive to produce pursuant to LR 26.1.(4). Additionally, documents responsive to request No.1 have either already been produced or are otherwise in the possession of the Plaintiff. [Remainder omitted].

**Comment:** We object to this response as being incomplete. No privilege log was provided and, as such, any communications involving Mr. Ochoa that are relevant to this Request No. 1 must be produced. We therefore ask that you amend your response and produce Documents and Communications responsive to this request.

**Request No. 8:** All Documents and Communications related to the disposition of the "Assets" as defined in the Pledge Agreement, including, but not limited to, the contracts for the onward sale thereof.

**Response:** All documents and communications responsive to this request that are in Defendant's custody, care or possession have been produced. Defendant reserves the right to supplement this response should any additional documents or communications become available.

**Comment:** We object to this response as being incomplete. At bare minimum, CI Fuels should have provided the contracts for onward sale of the product. Nothing was provided. We therefore ask that you amend your response and produce Documents and Communications responsive to this request.

**Request No. 9:** All Documents and Communications evidencing or memorializing the entire flow and present location of all proceeds or assets derived or attributable to the "Assets" as defined in the Pledge Agreement, including, but not limited to, wire transfers or other forms of payment to and bank records of CI Fuels regarding the same.

**Response:** All documents and communications responsive to this request that are in Defendant's custody, care or possession have been produced. Defendant reserves the right to supplement this response should any additional documents or communications become available.

**Comment:** We object to this response as being incomplete. The account statements from Banco del Credito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) only include information from the first five months of 2021. We therefore ask that you amend your response and produce Documents and Communications responsive to this request for all relevant dates and times.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 10:** All Documents concerning all of CI Fuel's "transfers" (as defined by the Florida Uniform Fraudulent Transfer Act (UFTA) (Title XLI, Chapter 726 of the Florida Statutes)) made or obligations incurred, including, but not limited to, Documents evidencing the reasons therefor and recipients thereof.

**Response:** All documents responsive to request No. 10 in the care, custody or possession of the Defendant are being produced. Defendant reserves the right to supplement production if additional documents become available.

Comment: We object to this response as being incomplete. While we presume the account statements from Banco del Credito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) were CI Fuels' attempt to respond to this Request No. 10, they only include information from the first five months of 2021. We therefore ask that you amend your response and produce Documents and Communications responsive to this request for all relevant dates and times, including, at minimum, account statements from October 2020 through present.

**Request No. 11:** From October 2020 to present, all Documents and Communications concerning CI Fuel's and CI International Fuels SAS' state of solvency (i.e., its debts and assets), including, but not limited to [remainder omitted for purposes of this letter]

**Response:** All documents responsive to request No. 11 in care, custody or possession of the Defendant are being produced. Defendant reserves the right to supplement production if additional documents become available. With regards to the Colombian insolvency proceedings, both the Plaintiff and the CI International S.A.S. (who is not a party to this action) are represented by Colombian Counsel in the reorganization proceedings pending before the Colombian Superintendency of Societies.

**Comment:** We object to this response as being incomplete. While we presume the account statements from Banco del Credito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) were CI Fuels' attempt to respond to this Request No. 10, they only include information from the first five months of 2021. In addition, we were given no contracts for any customers, no accounts payable records and no accounts receivable records. We therefore ask that you amend your response and produce Documents and Communications responsive to this request for all relevant dates and times, including, at minimum, account statements from October 2020 through present.

We understand that we will be meeting and conferring regarding the foregoing points today at 5:00 p.m. We hope this discussion facilitates a prompt resolution of the issues that have been raised, and the supplementation of CI Fuels' document production and responses to both requests for production of documents we served upon it.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

Peninsula expressly reserves its right to supplement this letter with further objections to CI Fuels' discovery responses and document production or modify its existing positions as appropriate.

Best regards,

**ZEILER FLOYD ZADKOVICH (US) LLP**

s/ Joe Johnson
Joe Johnson

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com