UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,
Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,
Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, Peninsula Petroleum Limited ("Peninsula"), by and through its attorneys, Zeiler Floyd Zadkovich (US) LLP, and responds and objects as follows to the First Request for Production of Documents (each a "Request" and collectively "Defendant's RFPs") from Defendant, CI International Fuels LLC ("Defendant"):

**GENERAL OBJECTIONS**

1. Peninsula objects to each Request to the extent it seeks information which is not in Peninsula's possession, custody, or control.

2. Peninsula objects to each Request to the extent that it is not relevant to any party's claims or defenses.

3. Peninsula objects to each Request in accordance with Federal Rules of Civil Procedure Rules 26 and 34, to the extent that it is not proportional to the needs of the case at this stage of discovery, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

1

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Peninsula objects to each Request to the extent that it seeks information that is already in Defendant's possession or is publicly available, on the grounds that producing such information is redundant and unduly burdensome and thereby disproportionate.

5. Peninsula objects to each Request to the extent that it seeks information subject to the attorney-client privilege, the work-product doctrine, or any other immunity or protection from disclosure (including foreign legal doctrines, privileges, protections, and immunities as may be applicable) (collectively "Privileged or Protected Information"). Such Privileged or Protected Information that may otherwise be responsive to any Request will not be produced. Furthermore, where any response to any Request states that Peninsula will produce responsive documents (or states any similar language indicating any expectation of production), all such contemplated productions are to the exclusion of Privileged or Protected Information.

6. Peninsula objects to each Request to the extent that it purports to require Peninsula to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party or in violation of any applicable privacy-type rights, protections, or restrictions.

7. Peninsula objects to each Request to the extent that it is vague, overbroad, or uses words and phrases that are not defined in an understandable manner.

8. Peninsula objects to each Request to the extent that it demands production of "each," "every," "all," or "any and all" to the extent that such demand causes undue burden and expense as well as on the grounds that such requests are presumptively overbroad and disproportionate.

9. Peninsula objects to each Request to the extent that no reasonable time limit has been made applicable to it.

10. These objections are made without waiving or intending to waive, but rather intending to preserve and preserving:

   a. All objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in this proceeding or any subsequent proceedings;

   b. The right to object to the use of any information or documents that may be disclosed, or the subject matter thereof, in this proceeding or any subsequent proceedings;

   c. The right to object on any ground at any time to demand for further discovery; and

   d. The right to, at any time revise, correct, supplement, clarify or amend these Objections and Responses to any Request if further factual development or analysis warrant a modification, or if additional information is obtained or documents are located that are properly called for by any not objected to Interrogatory. Notwithstanding the foregoing, Peninsula states that it objects to have any purported obligation for it to restate information which it learns from discovery provided by Defendant.

11. The subject matter of these Requests is under continuing investigation. Peninsula will respond to these Requests with current knowledge. Peninsula expressly reserves the right to make use of, or introduce at any hearing or trial, any information not known of or thought to be responsive at the time of response.

12. Peninsula objects to Definition (B) in Defendant's RFP, which purports to define "CI" as both CI International Fuels LLC or CI International Fuels SAS, because CI International Fuels LLC is a party to this litigation, but CI International Fuels SAS is not. Peninsula's response to each

and every one of these Requests is in consideration of CI International Fuels LLC only and, unless specified otherwise, is not made in consideration of CI International Fuels SAS.

Each of the foregoing General Objections is fully incorporated into each and every one of the following Specific Objections and Responses.

### SPECIFIC RESPONSES AND OBJECTIONS

1. All records, invoices, receipts and/or any other accounting documents related to Peninsula's claim, allegations, security interest and without limitation, any and all other accounting documents and/or computations related to Peninsula's cause of action.

**RESPONSE TO REQUEST NO. 1**: Peninsula objects to Request 1 as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "all records ... related to Peninsula's claim." Request 1 is an impermissible fishing expedition. Request 1 seeks any documents related to the claims, which is a blanket approach that prevents Peninsula from responding adequately. Peninsula further objects to Request 1 to the extent it seeks Privileged or Protected Information including, but not limited to, information subject to attorney-client privilege, work product doctrine, or legal advice/litigation privilege under English law. Without waiving this objection, Peninsula will produce copies of invoices, receipts, and proofs of payment for the cargo contracts and bunker contracts relevant to the allegations in Peninsula's Amended Verified Complaint (Dkt. 38).

2. Any and all records, documents and communications regarding and related to the quantity and transportation of the fuel that Plaintiff claims it delivered to CI, along with all records related to the use or extraction of the subject fuel by CI and Peninsula's reclamation of or recovery of any portion of the subject fuel, including dates, times and all records and documents related in manner whatsoever to the transportation of the subject fuel.

**RESPONSE TO REQUEST NO. 2**: Peninsula objects to Request 2 on the grounds that it seeks documents that are not in Peninsula's possession, custody, or control. Peninsula further objects to that portion of Request 2 relating to quantity of the fuel as redundant of Request 1. Peninsula further objects

4

to that portion of Request 2 relating to transportation of the fuel as irrelevant to the matter at hand because the allegations in the Amended Verified Complaint do not concern transportation of the fuel. Finally, Peninsula objects to Request 2 as disproportional to the needs of the case.

      3.    All records, documents and communications between Peninsula and CI related to any Bunker Recap or Cargo Recap, including but not limited to communications by any person or entity undertaken on behalf of any party to this dispute.

**RESPONSE TO REQUEST NO. 3**: Peninsula objects to Request 3 on the grounds that it seeks documents that are already in Defendant's possession and are not in Peninsula's possession, custody, or control. Without waiving this objection, Peninsula will produce documents and communications that are not Privileged or Protected Information and are responsive to this Request 3 after a reasonable search and review.

      4.    All records and communications between Peninsula and CI relating to any terms and conditions for the payment of the fuel, whether under the Master Agreement or any Bunker Recap or Cargo Recap.

**RESPONSE TO REQUEST NO. 4**: Peninsula objects to Request 4 on the grounds that it seeks documents that are already in Defendant's possession and are not in Peninsula's possession, custody, or control. Peninsula further objects to Request 4 on the grounds that it is redundant of Request 3.

      5.    All records and documents related to any legal process in Colombia that Peninsula has engaged in or participated in related to the Parties relationship with regards to the Master Agreement, Security Interest or any and all other Recaps related to Peninsula's cause of action.

**RESPONSE TO REQUEST NO. 5**: Peninsula objects to Request 5 as irrelevant to the matter at hand and disproportional to the needs of the case. Peninsula further objects to Request 5 to the extent it seeks Privileged or Protected Information including, but not limited to, information subject to attorney-client privilege, work product doctrine, or legal advice/litigation privilege under English law.

6.     All records, documents, reports, searches or summaries of any kind whatsoever related to Peninsula's allegations that the members of CI reside in or are otherwise domiciled in Florida or the United States.

**RESPONSE TO REQUEST NO. 6**: Peninsula objects to Request 6 on the grounds that it seeks documents that are not in Peninsula's possession, custody, or control. Peninsula further objects to Request 6 to the extent it seeks Privileged or Protected Information. Peninsula further objects to Request 6 to the extent that it is overly broad, unduly burdensome, and is disproportionate to the needs of the case. Without waiving these objections, Peninsula will produce documents and communications that are specifically referenced in Peninsula's Amended Verified Complaint, not Privileged or Protected Information, and responsive to this Request 6 after a reasonable search and review

7.     All records, documents, reports, searches or summaries of any kind whatsoever related to Peninsula's allegations that CI has improperly transferred funds and/or assets, including but not limited to all documents, information and reports of any kind whatsoever related to any and all banking or other financial accounts Peninsula alleges belongs to or is in the control of CI and/or any of its officers, members or affiliates.

**RESPONSE TO REQUEST NO. 7**: Peninsula objects to Request 7 on the grounds that it seeks documents that are already in Defendant's possession and are not currently in Peninsula's possession, custody, or control. Without waiving this objection, Peninsula will produce documents and communications that are not Privileged or Protected Information and are responsive to this Request 7 after a reasonable search and review. Further, Peninsula anticipates additional documents to support these allegations will be brought forth via the discovery demands it has placed on Defendant.

8.     All documents and communications related to the incorporation, organization, principal place of business and residence or domicile of Peninsula and any member or officer thereof.

**RESPONSE TO REQUEST NO. 8**: Peninsula objects to Request 8 on the grounds that it seeks documents and communications that are irrelevant to the matter at hand because Peninsula is not a

limited liability company, and thus the domicile or residency of its members or officers has no bearing on any of the allegations contained in the Amended Verified Complaint. Moreover, neither party disputes the domicile, incorporation, organization, or principal place of business of Peninsula or any officer or member thereof.

9. Any and all documents that would identify that Peninsula or any affiliate or subsidiary of Peninsula is located or operating within the United States or its territories, including but not limited to offices, consultants, contractors, subcontractors and agents of Peninsula.

**RESPONSE TO REQUEST NO. 9**: Peninsula objects to Request 9 on the grounds that it seeks documents and communications that are irrelevant to the matter at hand and disproportionate to the needs of the case because nothing in the Amended Verified Complaint is proven or disproven by Peninsula's location or operation within the United States or its territories.

10. All documents and communications sufficient to identify any terms, conditions or agreement that Peninsula's claim in liquidated.

**RESPONSE TO REQUEST NO. 10**: Peninsula objects to Request 10 on the grounds that it seeks documents that are already in Defendant's possession. Peninsula further objects to Request 10 on the grounds that it is redundant of Request 3.

11. All documents and communications related to any discussion or agreement between the Parties sufficient to identify the amount of monies Peninsula claims it is owed.

**RESPONSE TO REQUEST NO. 11**: Peninsula objects to Request 11 on the grounds that it seeks documents that are already in Defendant's possession. Peninsula further objects to Request 11 on the grounds that it is redundant of Request 3.

12. All documents and communication related to any discussion or agreement between the Parties sufficient to identify any agreement between the Parties related to any amount due and payment for the subject fuel.

**RESPONSE TO REQUEST NO. 12**: Peninsula objects to Request 12 on the grounds that it seeks documents that are already in Defendant's possession. Peninsula further objects to Request 12 on the grounds that it is redundant of Request 3.

**Dated: June 2, 2023**

Respectfully submitted,

By: ___/s/ Evan S. Gutwein___
HAMILTON, MILLER, & BIRTHISEL LLP
Jerry D. Hamilton (FBN 970700)
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein (FBN 58741)
egutwein@hamiltonmillerlaw.com
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
(305) 379-3686 (telephone)
(305) 279-3690 (facsimile)
*Attorneys for Plaintiff*

-and-

ZEILER FLOYD ZADKOVICH (US) LLP
Luke Zadkovich, Esq.
Luke.zadkovich@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
Joseph Johnson, Esq.
joe.johnson@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
215 Park Avenue, 11th Floor
New York, NY 100003
(917) 375-9511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2023 I served this document via email on the parties listed in the service list below.

By:   /s/  Evan S. Gutwein

| | |
|---|---|
| SANCHEZ VADILLO, LLP<br>Lori Dilican<br>ldilican@svlawus.com<br>11402 NW 41st St, Suite 202<br>Doral, Florida 44178<br>(305) 436-1410 (telephone)<br>(305) 436-0191 (facsimile)<br>***Attorneys for Defendant*** | HAMILTON, MILLER, & BIRTHISEL LLP<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br><br>and<br><br>ZEILER FLOYD ZADKOVICH (US) LLP<br>Luke Zadkovich, Esq.<br>Luke.zadkovich@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>Joseph Johnson, Esq.<br>joe.johnson@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>215 Park Avenue, 11th Floor<br>New York, NY 100003<br>(917) 375-9511<br><br>***Attorneys for Plaintiff*** |