UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-RKA

PENINSULA PETROLEUM LIMITED,

      Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,

      Defendant.         /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S OBJECTIONS TO SUBPOENAS NOTICED ON JUNE 13, 2023 AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH (DKT. 82)**

Plaintiff, Peninsula Petroleum Limited ("Peninsula" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant's Objections to Subpoenas Noticed on June 13, 2023 and Memorandum of Law in Support of Motion to Quash (Dkt. 82 "Defendant's Objections") filed by CI International Fuels LLC ("Defendant" or "CI Int'l") on June 28, 2023. For the reasons stated below, Defendant's Motion should be denied in its entirety.

**LACK OF LOCAL RULE 7.1(A)(3) CONFERENCE**

Despite Defendant's certification to the contrary, no Local Rule 7.1(a)(3) conference was held to discuss the substantive issues raised in Defendant's Objections. Rather, on June 26, 2023, (not, as indicated in Defendant's Local Rule 7.1(a)(3) Certification, June 27) the parties held a meet and confer conference to discuss the deficiencies in *Defendant's* responses to *Plaintiff's* discovery requests. During that call, opposing counsel never mentioned her intent to file a motion to quash or that she would otherwise seek relief from this Court regarding Plaintiff's Subpoenas'

1

scope or the information requested therein[1]. No emails were exchanged between counsel related to Plaintiff's Subpoenas, either. For that reason alone, Defendant's Motion to Quash should be denied.

**PRELIMINARY STATEMENT**

Defendant's Motion to Quash raise three reasons why it believes the subpoenas served June 13, 2023 by Plaintiff on Bank of America, Regions Bank, and Banco de Crédito del Perú (collectively "Plaintiff's Subpoenas") should be quashed: (i) Plaintiff's Subpoenas circumvented the rules of discovery; (ii) Plaintiff's Subpoenas failed to provide a reasonable time to comply; and (iii) Plaintiff's Subpoenas "[seek] disclosure of extensive and sensitive financial information where the Court lack (*sic*) subject matter jurisdiction because the parties on both sides of the dispute are foreigners." (Dkt. 82 at 4-5.) As more fully described below, none of these reasons have merit.

Instead, the Court should find that Plaintiff's Subpoenas were properly served under Fed. R. Civ. P. 45, gave the third-party banks appropriate amounts of time to comply, and are a proper and necessary part of the discovery process to support both Plaintiff's jurisdictional allegations as well as those allegations on the merits. Defendant's Present Motion should be denied.

**I. LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas in federal civil actions, and it provides that a party may issue subpoenas to nonparties to produce documents and information. (Fed. R. Civ. P. 45(a)(1)(C).) "Typically, parties may not move to quash subpoenas served under Fed. R. Civ. P. 45, as a 'party does not have standing to quash a subpoena served on a third party'; however, a party may file such a motion when 'the party alleges

---

[1] Defendant did, however, mention in passing she did not receive proof of service upon the subpoenaed parties. Same will be provided upon receipt by the undersigned.

a 'personal right or privilege with respect to the materials subpoenaed.'" *Garber v. Nationwide Mutual Insurance Company*, 2022 WL 1420916 at*3 (N.D. Ala. March 24, 2022); citing *Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) [internal quotation omitted].) That is, a party cannot challenge a subpoena issued under Fed. R. Civ. P. 45 to a third-party because of irrelevance to the action. *See Franklin v. Nat'l Gen. Assurance Co.*, 2014 WL 12738264 at *1 (M.D. Ala. December 16, 2014).

The Middle District of Florida neatly summarized how motions to quash subpoenas directed at non-parties are to be handled in the Eleventh Circuit:

> In general, it is the person to whom a subpoena is directed who has standing to seek a motion to quash. *State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc.*, 1993 WL 388645, at *2 (M.D.Fla. Mar.4, 1993); see also *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a witness). The law governing courts in the Eleventh Circuit, however, is somewhat broader, and standing exists if the party alleges a "personal right or privilege" with respect to the subpoenas. *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla.2005); see also *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); *Jones Chem., Inc.*, 1993 WL 388645 at *2.

*Rice v. Reliastar Life Ins. Co.*, 2011 WL 4596118 at *2 (M.D. Fla. October 3, 2011).

## II. ARGUMENT

### A. Plaintiff's Subpoenas are entirely permissible under the Federal Rules of Civil Procedure.

Defendant mistakenly argues that Plaintiff's Subpoenas – served pursuant to Rule 45 of the Federal Rules of Civil Procedure – somehow circumvent Rule 34. The case law cited in the Legal Standard section immediately above provides that Defendant's standing to move to quash the subpoenas only exists in relation to its "personal right or privilege."

Defendant misapplies the precedent set forth in *Suarez v. Padron*, 2019 WL 13256088 (S.D. Fla. March 25, 2019), and *Manzo-Painelli v. United States Auto. Assoc.*, 2015 WL 12806618 (S.D. Fla. November 3, 2015), both of which discuss whether a Rule 45 subpoena being served

3

*directly on a party* improperly circumvents the production of documents by parties to an action that is typically governed by Fed. R. Civ. P. 34. Here, it is not Defendant who was served with the Rule 45 subpoenas, but instead three different non-party financial institutions who hold documents and information highly relevant both to Plaintiff's merits-based and jurisdictional allegations.

As such, Plaintiff used the document-requesting function of Rule 45 appropriately to obtain records in the possession of said financial institutions that are wholly relevant to support the allegations in its Amended Verified Complaint. This type of subpoena duces tecum is directly in line with the spirit of Fed. R. Civ. P. 45, and Defendant's first argument should not convince this Court to quash any of these subpoenas.

**B. Plaintiff's Subpoenas afforded each entity served an appropriate and reasonable amount of time to comply.**

Once again, Defendant does not have the standing to challenge these subpoenas based on whether the amount of time given to the recipients to comply was reasonable. As established in the preceding section, standing for a party to challenge a subpoena to a non-party only comes when asserting a "personal right or privilege." *See Franklin*, 2014 WL 12738264 at *1.

Yet even if Defendant did have standing, perplexingly, it admits in its own argument that "it has been determined in this district that 14 days is a reasonable time to comply," (Dkt. 82 at 8). Defendant goes on to explain to this Court that the financial institutions at whom the subpoenas were directed were afforded *15* days to comply (one day more than what has previously been held in this district to be reasonable) yet claims this was not reasonable. Whether due to lack of standing or the fact that Plaintiff afforded these entities more time than what has previously been held in this district to be reasonable, Defendant's second argument should not convince this Court to quash any of these subpoenas.

### C. The information sought by Plaintiff's Subpoenas is wholly relevant both to Plaintiff's jurisdictional and merits-based allegations, and Defendant fails to demonstrate how this information is either extensive or sensitive.

As previously argued in Dkt. 70: Plaintiff's Memorandum of Law in Opposition to Defendant's Renewed Motion to Dismiss, brokerage and bank accounts are frequently used to determine an individual's domicile. *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d 1279, 1280 (M.D. Ala. 1998 [internal citation omitted]); citing *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R.1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612. Because Mr. Ochoa and Ms. Roa are the only two members of Defendant, these records sought by Plaintiff could easily lead to the discovery of where these individuals do some or all of their banking which, if in Florida, could be used as a factor in determining that they are domiciled here.

Likewise, information contained in the monthly statements is highly relevant to the Third Claim for Relief (Fraudulent Transfers) in Plaintiff's Amended Verified Complaint (Dkt. 38) which alleges Defendant transferred a net amount of over $1.2 million from its Florida accounts and left a remaining balance of less than $550 thousand *after* Plaintiff's liquidated claim arose. In fact, the ***only*** way Plaintiff could sufficiently prove Defendant's violation of the Florida Uniform Fraudulent Transfer Act would be to first demonstrate that Defendant made transfers after Plaintiff's claim arose. This is most efficiently done by obtaining the requisite documents from each of Defendant's financial institutions and gathering information regarding how, when, where, and why certain transactions were made.

In denying a defendant's motion to quash Fed. R. Civ. P. 45 subpoenas in *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005), the Middle District of Florida cited a decision from the District of Maryland in which it found that a bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips, and

other banking documents subpoenaed from his bank and, therefore lacked standing to challenge the subpoena issued to the bank. *See Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980). This is precisely the case here: Defendant offers no authority to indicate that it had a legitimate expectation of privacy to its banking documents.

Likewise, in *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, 2015 WL 9031929 (M.D. Fla. December 16, 2015), the court denied a motion to quash a subpoena issued by a plaintiff to a defendant's bank, finding that the defendant failed to prove it had a personal right or privilege in its banking records held by its bank, and therefore did not have standing to challenge the subpoena. *Popoli*, 2015 WL 9031929 at *3.

Defendant's Objections offer no reason whatsoever why this Court should deviate from the precedent above. Instead, this Court should deny Defendant's motion in its entirety and permit Plaintiff to obtain the documents it appropriately sought via third-party subpoena under Fed. R. Civ. P. 45.

### D. Per the Amended Order Setting Trial and Pre-Trial Schedule (Dkt. 73) and the Paperless Order staying certain case deadlines (Dkt. 84), the parties are still permitted to conduct discovery.

Finally, it should be noted that nothing in the Court's July 3, 2023 Paperless Order staying case deadlines (Dkt. 84) prevents discovery from continuing. Although said order stayed all case *deadlines* except those regarding the parties' outstanding discovery issues, it did not require the parties to pause their efforts in proceeding on merits-based discovery while the subject matter jurisdiction issue remains undecided. Defendant offers no argument to the contrary, other than a bald assertion that it would be "unjust" for Plaintiff to obtain the documents it requested from the third-party financial institutions "where its action is subject to dismissal." (Dkt. 82 at 8.) But because Defendant lacks standing to object to or move to quash Plaintiff's Subpoenas, and because

the parties are still permitted to conduct discovery, Defendant's unsupported argument should not be well-taken by this Court, and its motion to quash denied.

## CONCLUSION

Defendant's lacks standing to make even make the first two arguments in Defendant's Objections, and its third argument fails considering existing precedent with the Eleventh Circuit. The motion should be denied, and Plaintiff should be permitted to obtain the documents it seeks.

Dated: July 12, 2023

Respectfully submitted,

By: /s/ Evan S. Gutwein
HAMILTON, MILLER, & BIRTHISEL LLP
Jerry D. Hamilton (FBN 970700)
jhamilton@hamiltonmillerlaw.com
Evan S. Gutwein (FBN 58741)
egutwein@hamiltonmillerlaw.com
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
(305) 379-3686 (telephone)
(305) 279-3690 (facsimile)
*Attorneys for Plaintiff*

-and-

ZEILER FLOYD ZADKOVICH (US) LLP
Luke Zadkovich, Esq.
luke.zadkovich@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
Joseph Johnson, Esq.
joe.johnson@zeilerfloydzad.com
(Admitted *Pro Hac Vice*)
215 Park Avenue, 11th Floor
New York, NY 100003
(917) 375-9511

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2023 I served this document via email on the parties listed in the service list below.

By: /s/ Evan S. Gutwein

| | |
|---|---|
| SANCHEZ VADILLO, LLP<br>Lori Dilican<br>ldilican@svlawus.com<br>11402 NW 41st St, Suite 202<br>Doral, Florida 44178<br>(305) 436-1410 (telephone)<br>(305) 436-0191 (facsimile)<br>***Attorneys for Defendant*** | HAMILTON, MILLER, & BIRTHISEL LLP<br>Evan S. Gutwein (FBN 58741)<br>egutwein@hamiltonmillerlaw.com<br>150 S.E. Second Avenue, Suite 1200<br>Miami, Florida 33131<br>(305) 379-3686 (telephone)<br>(305) 279-3690 (facsimile)<br><br>and<br><br>ZEILER FLOYD ZADKOVICH (US) LLP<br>Luke Zadkovich, Esq.<br>Luke.zadkovich@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>Joseph Johnson, Esq.<br>joe.johnson@zeilerfloydzad.com<br>(Admitted *Pro Hac Vice*)<br>215 Park Avenue, 11th Floor<br>New York, NY 100003<br>(917) 375-9511<br><br>*Attorneys for Plaintiff* |