

NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

BY EMAIL

Lori Dilican
ldilican@dilicanlaw.com

**Joe Johnson**
Partner | Attorney at Law
joe.johnson@zeilerfloydzad.com
mobile:  +1 917 375 9511

August 16, 2023
Case No. US00324

RE:  **Peninsula Petroleum Limited v. CI International Fuels, LLC**

   **S.D. Fla. Case No. 22-CV-20712-RKA**

   **Deficiencies in Defendant's Amended Responses to Plaintiff's Requests for Production**

Dear Ms. Dilican,

We write in connection with Defendant's Amended Responses to Plaintiff's Request for Production which we received on August 2, 2023, and Defendant's Amended Responses to Plaintiff's Second Request for Production which we received on August 9, 2023.

At the hearing with Magistrate Judge Reid on July 26, 2023, you indicated you would amend CI's responses to Requests for Production Numbers 7-11, 12-13, 15, 18, 24, and 26-28. You also indicated you would amend CI's responses to our Second Requests for Production Numbers 1 and 8-11. While, except for Request for Production No. 26, you did amend responses to each of the requests referenced in what follows, these requests are still incomplete, inaccurate, or lead us to believe that your client intends to withhold documents without just cause. As you well know, pursuant to Fed. R. Civ. P. 34(b)(2)(C), any objection must state whether any responsive materials are being withheld based on that objection. As an overarching comment, we seek confirmation that there is no substantive difference between your responses indicating that "***All*** documents…will be produced" (e.g., No. 12) versus "Documents…will be produced," (e.g., No. 10).

We find Defendant's amended responses to be deficient or otherwise insufficient/incomplete in the following ways:

**Zeiler Floyd Zadkovich (US) LLP**
33 East 33rd St. (9th Floor, Suite 905), New York, NY 10016 USA

Zeiler Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America.  Zeiler Floyd Zadkovich (US) LLP is a member firm of Zeiler Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms.
The Swiss Verein does not provide any legal services.

**ONE GLOBAL TEAM.**
FOCUSED ON WHAT YOU DO.

**zeilerfloydzad.com**



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

I.   **DEFENDANT, CI INTERNATIONAL FUELS, LLC, RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

**Request No. 8:** All Documents and Communications sufficient to identify and locate all real property owned by any current or former member of CI Fuels including, but not limited to, the date each parcel was purchased, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Amended Response:** The only real estate titled in a member's name is the Bay Harbor, FL condominium which was purchased as a vacation home and serves as an investment. The members occasionally permit family and close friends to utilize the property for a brief time for vacation purposes. There are no regular occupants living in the property. Real estate records for the condominium owned by Maria Roa in the United States, tax records and utility bills related to same which are in the member's possession will be produced.

**Comment:** To date, we have received no real estate records, tax records, or utility bills for this Bay Harbor, Florida condominium. Please let us know the specific date we can expect to receive these documents.

**Request No. 9:** All Documents and Communications sufficient to identify and locate all real property leased by any current or former member of CI Fuels including, but not limited to, the dates during which each parcel was leased, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Amended Response:** No documents related to Request No. 9 exist, because the leases in existence for commercial use are currently in the name of legal entities and not in the name of its members. They are leased to CI International S.A.S and Criadero Luxo, which are not parties to this litigation.

**Comment:** You told us in your original response that "Available documents responsive to request No. 9 have already been produced and/or are in the possession of Plaintiff," yet here you tell us no such documents exist. In any event, it is our understanding that Mr. Ochoa owns and operates both CI International S.A.S. and Criadero Luxo, and therefore he has possession, custody, or control of any lease in either of these entities' names. He is obligated to produce those leases pursuant to this Request No. 9. Please let us know the specific date we can expect to receive these documents.

**Request No. 10:** All Documents and Communications sufficient to identify and locate all real property otherwise occupied by any current or former member of CI Fuels including, but not limited to, the dates each



parcel was occupied, the nature of its use (e.g., residential, commercial, investment, personal use), and any occupants thereof since January 1, 2018.

**Amended Response:** Documents responsive to Request No. 10 that are in the possession, care or custody of the members will be produced. Since 2018, the members reside in Barranquilla, Colombia at KM 9 via Barranquilla – Puerto Colombia Urbanizacion Lomas de Caujaral, Puerto Colombia – Atlantico, real property owned by the members' daughter. CI S.A.S.

**Comment:** We do not understand this response. Please clarify whether this "KM 9" address in Barranquilla is the same as or different from the two addresses listed in response to Plaintiff's First Set of Interrogatories Nos. 1 and 5, where Mr. Ochoa first identified Calle 77B No. 59-61 Off 1101 Barranquilla, Colombia as his *business* address, then identified Cra 59 # 79-88 Barranquilla, Colombia as his and Ms. Roa's **home** address. Please also tell us why you have not produced any records related to any of the real property occupied by CI International Fuels S.A.S. or any of the Criadero entities, which would obviously be relevant to this request. In any event, please let us know the specific date we can expect to receive the documents related to all these properties we have identified, which clearly go towards establishing each of their domiciles.

**Request No. 11:** Documents sufficient to identify all vehicles owned, leased, or otherwise utilized by all current or former members of CI Fuels since January 1, 2018.

**Amended Response:** Documents responsive to Request No. 11 that are in the possession, care or custody of the members will be produced.

**Comment:** Please let us know the specific date we can expect to receive the responsive documents.[1]

**Request No. 12:** All Documents and Communications sufficient to identify all United States business interests of CI Fuels' current or former members, past or present.

**Amended Response:** All documents responsive to request No. 12 that are in the care, custody or possession of the members will be produced.

---

[1] We note that this amended response is juxtaposed with CI's first response, where it represented that "CI Fuels does not own, lease or otherwise provide its members with vehicles."



**Comment:** We assume that, at minimum, the documents produced by Defendant should include Criadero Luxo Caujaral LLC and Criadero Luxo USA LLC. Please let us know the specific date we can expect to receive the responsive documents.

**Request No. 13:** All driver's licenses of each of CI Fuels' current or former members issued in all jurisdictions.

**Amended Response:** Documents responsive to Request No. 13 have been produced and additional documents will be produced.

**Comment:** We object to this response as being potentially inaccurate and incomplete. CI's initial production appears to be limited to passports, visas, and personal identification cards of Ms. Roa and Mr. Ochoa (CI MD 000012-000017). CI MD 000027 could possibly be Mr. Ochoa's Colombian driver's license, but the picture is too blurry to read. In addition, we refer to P0137 of our July 21, 2023, document production, which identifies a Florida driver's license issued to Mr. Ochoa on January 6, 2020. Please let us know the specific date we can expect to receive the responsive documents, including a legible photo of CI MD 000027 and a copy of Mr. Ochoa's Florida driver's license.

**Request No. 15:** All federal, state, and local tax returns of each of CI Fuels' current or former members filed in all jurisdictions whatsoever for each of the last five (5) years.

**Amended Response:** Documents responsive to Request No. 15 that are in the custody, care and possession of CI Fuels' members have been produced. Additional documents related to Criadero Luxo that are in the members' care, custody and control will be produced.

**Comment:** We object to this response as being incomplete. Neither the 2018 nor 2019 United States federal or Florida state returns were produced. <u>None of Mr. Ochoa nor Ms. Roa's Colombian returns were produced</u>. As Magistrate Judge Reid clearly indicated on the record, this request is not just limited to tax returns filed in the United States. We therefore ask that you amend your response and produce copies of the 2018 and 2019 United States federal and Florida state returns, along with the Colombian returns of Mr. Ochoa and Ms. Roa for each of the years 2018, 2019, 2020, 2021, and 2022. Please let us know the specific date we can expect to receive the responsive documents.

**Request No. 18:** Documents evidencing all checking, savings, money market, brokerage, investment, or other accounts in the United States from January 1, 2018, through present, in the name of CI Fuels or CI Fuels' former or current members (past or present) including, but not limited to, monthly account statements.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Amended Response:** Documents responsive to Request No. 18 have been produced.

**Comment:** We object to this response as being incomplete. We had a conference in which we explained (and Magistrate Judge Reid agreed) that this request went well beyond five months of account statements from one single financial institution in the early party of 2021. You said you would amend, but you have not amended. This response is inexplicable.

The account statements from Banco del Crédito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) only include information from the first five months of 2021. Moreover, there was not a single monthly account statement provided in the documents produced by CI Fuels for accounts owned by any of CI Fuels' members, individually. We therefore once again ask that you amend your response and produce copies of monthly statements of any and all US accounts from January 1, 2018 through present of CI Fuels, Mr. Ochoa, and Ms. Roa. Please let us know the specific date we can expect to receive these responsive documents.

**Request No. 26:** All Documents and Communications sufficient to establish both the employment history or independent contractor status of each of CI Fuels' members from January 1, 2018 to present.

**Amended Response (unchanged from original response):** Plaintiff has been doing business for approximately 15 years and as such, are already in possession of a voluminous amount of documents and/or communications which will show Mr. Ochoa's employment history for the last 5 years. Needlessly reproducing documents and/or communications already in the possession of the Plaintiff would be unduly burdensome and expensive. Notwithstanding the foregoing, documents responsive to request NO. 26 are being produced.

**Comment:** This response remains nonresponsive, and was unchanged from the original. The documents produced still provide no information regarding Ms. Roa or Mr. Ochoa's employment history. The length of time Peninsula has been doing business is immaterial to this request. Employment records may be used to determine one's domicile. *See Smyth,* 2013 WL 2048188, at *2. We know from your production thus far that several of their entities – CI International Fuels LLC, CI International S.A.S., and Criadero Luxo, operate out of locations in Florida.

Mr. Ochoa and Ms. Roa's domicile are of critical importance to diversity jurisdiction. We therefore ask that you amend your response and produce Documents and Communications sufficient to establish the employment history of Ms. Roa and Mr. Ochoa from January 1, 2018 through present. Please let us know the specific date we can expect to receive these responsive documents.



ZEILER FLOYD ZADKOVICH

NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**Request No. 27:** All Documents and Communications relating to all residences of Sandra Ochoa, who worked as an accounting assistant for CI International, from January 1, 2018 to present, including but not limited to lease, occupancy, or rental agreement(s); real estate ownership and tax records related to same; and utility bills with respect to the same.

**Amended Response:** No such documents responsive to Request No. 27 exist. Ms. Ochoa is Mr. Jaime Ochoa's sister and has never been employed by CI Fuels.

**Comment:** We were perplexed by this amended response because Mr. Ochoa's Declaration in Support of Motion for Relief from Default [ECF No. 65-3] states: "On March 24, 2022, Vault sent via email a copy of the summons and complaint to Sandra Ochoa, **who works as an accounting assistant for CI International**, at sandramilena.ochoa@gmail.com." (ECF No. 65-3 ¶11, emphasis added). Please reconcile Mr. Ochoa's sworn statement versus this amended response to Request for Production No. 27, and please let us know the specific date we can expect to receive these responsive documents which, at minimum, should include payroll records that would establish Sandra Ochoa's residence.

**Request No. 28:** Copies of all utility statements in the name of CI Fuels or any of its members, past or present, from January 1, 2018 to the present, including, but not limited to, electricity, gas, water, sewer, internet, telephone, cable TV, security system, and trash collection.

**Amended Response:** Documents responsive to request No. 28 that are in the care, custody or possession of CI Fuels' members will be produced. The only utility bill associated to any of the members is the cable and internet provided by DirecTv. All other utilities would be under the name of the property owner of record, in this case, the members' daughter who is not a party to this litigation.

**Comment:** We object to this response as being incomplete and, to the extent Defendant attempts to claim that CI Fuels does not have possession of Documents that are in the possession of its members, disingenuous. Utility bills can be used to determine one's domicile. *See Smyth,* 2013 WL 2048188, at *2. It is inexplicable that there are no utility statements for any of the properties that are in the United States that we have previously identified as being owned or leased by CI Fuels or one of its members, that being both (i) 7900 Harbor Island Drive; and (ii) 5201 Blue Lagoon Drive, 8 Floor, Miami, FL 33126. Please let us know the specific date we can expect to receive these responsive documents.



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

**II.     DEFENDANT, CI INTERNATIONAL FUELS, LLC, RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

**Request No. 8:** All Documents and Communications related to the disposition of the "Assets" as defined in the Pledge Agreement, including, but not limited to, the contracts for the onward sale thereof.

**Amended Response:** OBJECTION: The pledge agreement in governed by Colombian law and extensively references proceedings in accordance with Colombia Law, Article 14-Securities Over Moving Assets. Plaintiff, through its Colombian counsel, has commenced proceedings in Colombia pursuant to Article 14 and in conformity with the enforcement provisions of the Pledge Agreement. The moving assets were delivered to the custody of CI International Fuels SAS and the documents requested are not in the possession of CI Fuels. CI International Fuels SAS is not a party to this action.

**Comment:** Mr. Ochoa is self-admittedly both the CEO of CI International Fuels S.A.S. and the manager/shareholder of CI International Fuels, LLC. He cannot in good faith argue that documents in the possession of one are not in the possession of the other. The Eleventh Circuit has held that, for purposes of Fed. R. Civ. P. 34, "[c]ontrol is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Other cases in the Southern District of Florida involving sibling companies extend "control" to include situations where a litigant has the "practical ability" to obtain materials. *Costa v. Kerzner Intern. Resorts*, Inc., 277 F.R.D. 468, 471 (S.D. Fla. 2011) ("Control … does not require that a party have legal ownership or actual physical possession of the documents at issue," but merely requires that a party has the "right, authority, or practical ability to obtain the materials sought on demand.").

As such, please let us know the specific date we can expect to receive these responsive documents.

**Request No. 9:** All Documents and Communications evidencing or memorializing the entire flow and present location of all proceeds or assets derived or attributable to the "Assets" as defined in the Pledge Agreement, including, but not limited to, wire transfers or other forms of payment to and bank records of CI Fuels regarding the same.

**Amended Response:** Responsive documents to Request No. 9 in the possession of CI Fuels have been produced. Any other documents that may be responsive to this request are not in the possession of Defendant.

**Comment:** We object to this response as being incomplete. The account statements from Banco del Crédito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) only



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

include information from the first five months of 2021. We therefore ask that you either identify by Bates number the specific documents that you claim are fully responsive to this Request, or, alternatively, amend your response and produce Documents and Communications fully responsive to this request for all relevant dates and times.

**Request No. 10:** All Documents concerning all of CI Fuel's "transfers" (as defined by the Florida Uniform Fraudulent Transfer Act (UFTA) (Title XLI, Chapter 726 of the Florida Statutes)) made or obligations incurred, including, but not limited to, Documents evidencing the reasons therefor and recipients thereof.

**Amended Response:** All documents in the possession of the Defendant have been produced.

**Comment:** We object to this response as being incomplete. While we presume the account statements from Banco del Crédito del Peru (CI MD – 000193 through 000203) and the wire confirmations (CI MD – 000204 through 000239) were CI Fuels' attempt to respond to this Request No. 10, they only include information from the first five months of 2021. We therefore ask that you either identify by Bates number the specific documents that you claim are fully responsive to this Request, or, alternatively, amend your response and produce Documents and Communications fully responsive to this request for all relevant dates and times.

**Request No. 11:** From October 2020 to present, all Documents and Communications concerning CI Fuel's and CI International Fuels SAS' state of solvency (i.e., its debts and assets), including, but not limited to [remainder omitted for purposes of this letter]

**Response:** OBJECTION: Plaintiff is seeking discovery directly related to the pending reorganization process before the Colombian Superintendency of Societies wherein CI Fuels International SAS is the guarantor of Plaintiff's secured debt. CI International Fuels SAS is not a party to this litigation. Plaintiff is represented by Colombian Counsel in the CI International Fuels SAS reorganization proceedings. Plaintiff is a secured creditor in the reorganization proceedings which includes the same debt sued upon in this action. Thus, plaintiff is improperly seeking disclosure related to foreign proceedings from non-party. Moreover, Defendant's Motion to Dismiss for lack of jurisdiction remains pending and if granted, is dispositive of the Plaintiff's entitlement to further production.

**Comment:** We find your objection to be wholly inapplicable to this request as it relates to Defendant CI International Fuels LLC. While we acknowledge CI International Fuels S.A.S. is not a party to this litigation, the solvency of Defendant CI International Fuels LLC goes towards a substantive component of one of our causes of action, that being Fraudulent Transfers. Moreover, the fact that Defendant CI International Fuels LLC's motion to dismiss remains pending has no bearing on the status of discovery because Judge Altman



NEW YORK
VIENNA
LONDON
CHICAGO
HOUSTON
SYDNEY

specifically stated "[t]he parties may continue to engage in discovery while we resolve the pending MTD." [ECF No. 84.]

If you are not in agreement with each of our positions above, then please let us know immediately so that we can meet and confer on these issues. If needed, we hope this discussion will facilitate a prompt resolution and the supplementation of CI Fuels' document production and amended responses to both requests for production of documents we served upon it.

Peninsula expressly reserves the right to supplement this letter with further objections to CI Fuels' discovery responses and document production or modify its existing positions as appropriate.

Best regards,
**ZEILER FLOYD ZADKOVICH (US) LLP**

s/ Joe Johnson
Joe Johnson

ONE GLOBAL TEAM.
FOCUSED ON WHAT YOU DO.

zeilerfloydzad.com