UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 22-cv-20712-ALTMAN/REID

PENINSULA PETROLEUM LIMITED,

        Plaintiff,

v.

CI INTERNATIONAL FUELS LLC,

        Defendant.     /

## ORDER DENYING DEFENDANT'S OBJECTIONS TO SUBPOENAS AND MOTION TO QUASH

THIS CAUSE having come before the Court on Defendant's Objections to Subpoenas Noticed on June 13, 2023 and Memorandum of Law in Support of Motion to Quash (the "Motion"). [ECF No. 82]. This Court has considered the objections, the Motion, Plaintiff's Response [ECF. No. 87], and Defendant's Reply [ECF No. 88], and all other relevant factors. Thus, for the reasons discussed below, it is **ORDERED AND ADJUDGED** that the objections are overruled and the Motion is **DENIED**.

## BACKGROUND

This is a collection action based on commodities transactions between Plaintiff Peninsula Petroleum Limited and Defendant CI International Fuels LLC. On November 8, 2022, Plaintiff filed its Verified Amended Complaint alleging Breach of Contract, Enforcement of Security Interest, and Fraudulent Transfers related to a 2020 sale of marine fuel to Defendant. [ECF. No. 38].

On July 3, 2023, Judge Altman stayed all non-discovery deadlines and administratively closed the case pending the court's resolution of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF. No. 84]. The parties were allowed to continue to engage in discovery. [*Id.*].

On July 12, 2023, Defendant filed its Motion seeking to quash the subpoenas directed to Bank of America, Regions Bank, and Banco de Credito del Peru. [ECF. No. 82 at 4–5]. The subpoenas directed to Bank of America and Banco de Credito del Peru seek Defendant's banking information, including account opening documents and account statements, among other things. [*Id.* at 16 and 22]. The Regions Bank subpoena seeks the same information of non-party Alejandro Ochoa, which is one of the two members of Defendant. [*Id.* at 28]. Defendant seeks to quash the subpoenas because (1) they circumvent the rules of discovery; (2) they fail to provide a reasonable amount of time to comply; and (3) they seek disclosure of sensitive financial information. [ECF. No. 82 at 4–5]. The Court will address each issue in turn.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 45, parties may command non-parties to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling." *In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8-ORL-41TBS, 2016 WL 1599831, at *3 (M.D. Fla. Apr. 21, 2016) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D)). This ability, however, is not without limits. Rule 45 provides that:

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

"The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-CV-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015).

Generally, an individual does not have standing to challenge a subpoena served on another. *Barrington v. Mortage IT, Inc.*, 07-61304-CIV, 2007 WL 4370647, at *1 (S.D. Fla. Dec. 10, 2007). However, a party has standing to move to quash a subpoena directed at a non-party if the party alleges a "personal right or privilege" with respect to the subpoenas. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

## **DISCUSSION**

With regards to the relevancy of the discovery sought, Plaintiff believes that the documents will lead to information related to the jurisdictional dispute as well as its claims alleged in the Amended Verified Complaint. [ECF. No. 87 at 5]. Defendant argues that it has standing to quash the subpoenas because "Peninsula has impermissibly circumvented Rule 34's discovery procedures for parties and thereby deprived CI of its rightful 30 days to respond to the production requested from the non-party banking institutions." [ECF. No. 82 at 6–7]. It also argues that it has standing to quash the subpoenas because the requests seek sensitive banking information. [ECF. No. 82 at 3]. Both of Defendant's arguments fail.

First, regarding Rule 34's discovery procedure, Defendant is reminded that Rule 45 allows parties to issue subpoenas to nonparties to produce documents and information. Fed. R. Civ. P. 45(a)(1)(C). Here, Plaintiff has issued subpoenas to Bank of America, Regions Bank, and Banco de Credito del Peru, all non-parties. Thus, Rule 45—not Rule 34—applies. Relatedly, Defendant argues that the Court may quash a subpoena that does not provide a reasonable amount of time for

compliance with Rule 45(c)(3). [ECF. No. 84 at 8]. It admits that courts in this district have held that 14 days is a reasonable amount of time, citing *Suarez v Padron,* No. 18-23930, 2019 WL 13256088 *2 (S.D. Fla. March 25, 2019) and *Lauderhill Mall Investments, LLC v. Arch Specialty Insurance Company,* No. 14-21003, 2014 WL 11906637 at * 1 (S.D. Fla. July 29, 2014). The subpoenas here demand compliance within 15 days. [ECF. No. 82 at 8]. As such, the compliance period is appropriate.

Next, Defendant's argument regarding sensitive banking information could provide a basis for standing to quash the subpoenas, but Defendant fails to adequately describe the sensitivity of these sought-out documents. In a rather conclusory manner, it states that "the subpoenas request sensitive banking information" in reference to the Regions Bank subpoena and the Banco de Credito del Peru subpoena, the latter of which seeks banking information of a non-party. [ECF. No. 82 at 3–4]. No other explanation regarding the sensitivity of the documents is provided. On the other hand, Plaintiff explains that the documents sought may lead to information regarding Defendant and its members' domicile via certain banking activities and may lead to information necessary to prove Plaintiff's Florida Uniform Fraudulent Transfer Act claim. [ECF. No. 87 at 5]. In support, Plaintiff relies on *Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980) (cited in *Auto-Owners Ins. Co.*, 231 F.R.D. at 429), which held that a bank customer has no legitimate expectation of privacy in the contents of checks, deposit slips, and other documents subpoenaed from his bank, thereby lacking standing to challenge the subpoena. However, both parties fail to point out that numerous courts have held that parties have a sufficient personal interest in their financial records to confer standing to challenge a subpoena issued to a third-party. *See, e.g., Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C.,* No. 09-497 JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011) (holding that defendant has standing to challenge a subpoena issued

to a bank seeking defendant's information); *Schmulovich v. 1161 Rt 9 LLC*, No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (stating that defendant's assertion of personal privilege with respect to their personal bank account records confers standing to move to quash subpoena); *Old Towne Dev. Grp., L.L.C. v. Matthews,* 2009 WL 2021723, at *1 (M.D. La. 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Arias-Zeballos v. Tan*, No. 06 Civ. 1268 (GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. 2007) (same); *Terwillegar v. Offshore Energy Srvs., Inc.,* 2008 WL 2277879, at *1 (E.D. La. 2008) (same). Indeed, Defendant *may* have standing, but its conclusory analysis regarding the sensitivity of documents is not enough to convince this Court to quash the subpoenas at issue.

A similar conclusory statement was made in Defendant's request for an issuance of a protective order, which it discussed in only one instance. [ECF. No. 82 at 9]. Defendant fails to mention that, although a party may have limited standing to quash a subpoena pursuant to Fed. R. Civ. P. 45, it "has standing to move for a protective order [under Fed. R. Civ. P. 26(c)] if the subpoenas seek irrelevant information." *Auto-Owners Ins. Co.*, 231 F.R.D. at 429 (finding that a party did not have standing to move to quash a subpoena, but holding that the party nonetheless had standing to challenge the relevancy of documents sought by subpoena, thus, deeming the motion to quash as a motion for protective order under Rule 26); *see also Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) (finding that a party also had "standing to challenge the [non-party] subpoena on the basis of his having moved for a protective order pursuant to Rule 26."). Here, Defendant did not provide a good cause argument to support the issuance of a protective order. "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *Morock v. Chautauqua Airlines, Inc.*, 807CV210T17MAP, 2007 WL 2875223, at *1 (M.D. Fla. Oct. 3, 2007) (quoting *U.S. v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)).

Finally, Defendant attempts to present arguments in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction in its Motion, arguing that it would be unfair to permit Plaintiff to obtain financial information under the federal rules when the court lacks jurisdiction over the matter. [ECF. No. 82 at 7]. It alleges that this action may have been brought "for the benefit of its position in the reorganization proceeding presently pending before the Colombian Superintendency of Societies." [ECF. No. 82 at 8]. Defendant's Motion to Dismiss is pending before Judge Altman, and any argument in support is outside the scope of this Motion. Further, Defendant has provided no case law regarding its jurisdictional arguments as they relate to the discovery issue at hand. Importantly, as previously mentioned, the parties were permitted to continue engaging in discovery while the Motion to Dismiss is pending. [ECF. No. 84]. As such, the Court will not address Defendant's Lack of Subject Matter Jurisdiction arguments.

## CONCLUSION

Accordingly, Defendant's Objections to Subpoenas Noticed on June 13, 2023 and Memorandum of Law in Support of Motion to Quash [ECF No. 82] is **DENIED**.

**DONE AND ORDERED** in Chamber at Miami, Florida this 12th day of September, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE